# Welch, Appellant, *v.* Sheaffer.

*Equity—Equity practice—Answer—Demurrer—Dismissal of bill.*
Where on a bill in equity to restrain a continuing nuisance no demurrer or sworn answer is filed, the court cannot on a motion to continue a preliminary injunction, dismiss the bill, although it may dissolve the injunction already granted.

Argued Oct. 26, 1905. Appeal, No. 169, Oct. T., 1905, by plaintiff, from decree of C. P. Huntingdon Co., Sept. T., 1905, No. 120, dismissing bill in equity in case of A. S. Welch and Harry Kyper v. W. T. Sheaffer, Henry Shue and James King. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Bill in equity for an injunction. Before WOODS, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the decree dissolving the injunction and dismissing the bill.

*H. H. Waite,* for appellant.

*W. H. Woods,* with him *J. S. Woods,* for appellee.

OPINION BY PORTER, J., December 10, 1905:
The plaintiffs filed a bill in equity averring the ownership in fee, by Welch, of a tract of land situate in Shirley township, Huntingdon county, and the possession thereof by his tenant, Kyper; and charging that the defendants had repeatedly and persistently trespassed upon said land, by forcibly breaking

the fences and driving through a lane which was the exclusive property of the plaintiffs, and that they threatened to forcibly enter said lane and use it continuously. The bill prayed for an injunction, preliminary until hearing and thereafter to be made perpetual, enjoining the defendants from further acts of trespass. The bill was accompanied by injunction affidavits, and the court below, on June 20, 1905, granted a preliminary injunction. The hearing on the motion to continue the preliminary injunction was held on June 26, 1905, the witnesses being examined orally before the judge. The counsel for the defendants, at this hearing, filed what they called an " objection in writing," denying the jurisdiction of the court. This paper could not be treated as a demurrer for it attempted to deny the allegations of plaintiff's bill, nor was it in any sense an answer for it was not verified by affidavit.

The learned judge of the court below heard the testimony, under which he was to determine the question whether the preliminary injunction was to be continued or dissolved; and, on July 14, 1905, entered a decree not only dissolving the preliminary injunction but dismissing the plaintiff's bill with costs. We have carefully considered the evidence taken at the hearing upon the motion to continue the preliminary injunction, and are not satisfied that the need of the plaintiff for equitable relief was so urgent or the threatened injury to plaintiff's property was of such a character as to require the reversal of that part of the decree dissolving the preliminary injunction. No serious consequences can result from withholding equitable relief until the rights of the parties are determined upon final hearing. The dismissal of the bill is, however, an altogether different matter.

The learned judge overlooked the rule, that : " All defenses, in equity cases, shall be made by answer or by demurrer. All issues of fact must be made by answer." The defendants had neither answered nor demurred ; the record was not in a condition for final decree. The acts of the defendants were charged in the bill to be continuous and harassing, and to cause the plaintiff irreparable injury ; and it was explicitly averred that the plaintiff had brought an action of trespass against the defendants, which was then pending, and it was further averred that the defendants were insolvent and that no judgment ob-

tained against them could be collected. Upon the face of the bill the court had jurisdiction and the plaintiff was entitled to the relief which he demanded : Walters v. McElroy, 151 Pa. 549 ; Echert v. Ferst, 30 Legal Intelligencer, 352 ; Rhea v. Forsyth, 37 Pa. 503 ; Keppel v. Lehigh Coal & Navigation Company, 200 Pa. 649 ; Miller v. Lynch, 149 Pa. 460 ; Manbeck v. Jones, 190 Pa. 171 ; Pennsylvania Railroad Co. v. Bogert, 209 Pa. 589. Had the court proceeded to a final hearing, after the case was properly at issue, the evidence might have disclosed facts which would have warranted the court in retaining the bill until the plaintiff had settled the right, in the pending action of trespass: Leinbach v. Templin, 105 Pa. 522; Leininger's Appeal, 106 Pa. 398. These are questions which may arise hereafter, but it is very clear that the action of the court below in dismissing the bill, before an issue of any kind had been reached, was erroneous.

The decree dissolving the preliminary injunction is affirmed. The decree dismissing the plaintiff's bill is reversed, the bill is reinstated and the record remitted for further proceedings.