## Commonwealth v. Hoskins, Appellant.

*Criminal law—Involuntary manslaughter—Automobiles—Reasonable doubt—Inadequate charge.*

A conviction of involuntary manslaughter for killing a person by the alleged negligent operation of an automobile, cannot be sustained, where the trial judge failed in his charge to give any adequate instructions on the question of reasonable doubt, and this is the case although the defendant did not make any request for such instructions.

Argued November 30, 1914.    Appeal, No. 150, October T., 1914, by defendant, from judgment of Q. S. Phila-

delphia Co., January Sessions, 1914, No. 880, on verdict of guilty in case of Commonwealth v. William K. Hoskins.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Reversed.

Indictment for voluntary and involuntary manslaughter.    Before SULZBERGER, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty of involuntary manslaughter, upon which the prisoner was sentenced to pay a fine of $250 and undergo imprisonment in the county prison for a term of six months.

*Error assigned,* among others, was (14) "that the trial judge erred in not instructing the jury that the defendant was entitled to the benefit of any reasonable doubt that might arise from the evidence."

*William A. Gray,* for appellant.—In all criminal cases, a careful explanation of the term reasonable doubt ought to be given: Com. v. Devine, 18 Pa. Superior Ct. 429; Com. v. Rider, 29 Pa. Superior Ct. 621; Com. v. Duffy, 49 Pa. Superior Ct. 344; Com. v. Andrews, 234 Pa. 597.

*John Monaghan,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY ORLADY, J., July 21, 1915:

The defendant was charged with voluntary and involuntary manslaughter in causing the death of Eliza B. Rothwell, by striking her with his automobile while she was on a street crossing.

. The facts of the case were so unusual that the trial judge instructed the jury, "there is nothing in the evidence that would warrant any other verdict on the first count, than not guilty" and in conclusion, said, "I have no doubt whatever that there is not one person in the Commonwealth who regrets this accident as much as the

defendant." The defendant was convicted of involuntary manslaughter and sentenced to pay a fine of $250, and undergo imprisonment in the county prison for the term of six months.

As the case must go back for another trial, it is only necessary to consider the assignment of error relating to the omission of the trial judge to instruct the jury in regard to a reasonable doubt, as, in the light of the rest of the charge, had there been a proper instruction on that important feature of the defense, the verdict would doubtless have been one of not guilty.

The only time the words, reasonable doubt, are mentioned in the carefully delivered charge are in the following quotation, "If you come to the conclusion on the whole that it was not his duty so to do, but that he was traveling with that reasonable care which could be expected under the circumstances of the case, that would be such a reasonable doubt as would cause you to acquit him of this charge of gross negligence."

This quotation from the charge, is preceded by the instruction, "The question, therefore, for you to decide, as I say, is, was it that man's duty so to manage his machine, and if necessary to stop it completely, as to avoid this accident? If it was his duty so to do, however disagreeable may be the duty cast upon you, it is your duty to find him guilty."

In its relation to the thought then presented to the jury, the instruction in regard to reasonable doubt was inadequate and misleading. It implied that he should have so operated his car that the accident would not have happened, without regard to the alleged unexpected confusion and turning of Mrs. Rothwell, which could not reasonably have been anticipated by the defendant. As one witness described it, "She started to go on again, and then she suddenly gave a twisting turn and went right into the car, and Mr. Hoskins swerved the car to the left, but it was too late, she jumped into it."

As was said in Com. v. D'Angelo, 29 Pa. Superior Ct. 378, the defendant did not make any request for instructions as to any special signification of the term reasonable doubt, and evidently they relied upon the common sense and everyday application by the jury of the words which are of common usage and have no uncertain or extraordinary meaning. Had they thought otherwise the question would have been relieved of all doubt by a request for particular instructions on that subject: Rudy v. Com., 128 Pa. 500; Com. v. Boschino, 176 Pa. 103; Com. v. Morrison, 193 Pa. 613.

This defendant was on trial for a very serious crime—voluntary and involuntary manslaughter—and each offense was pressed by the Commonwealth. The court held there could not be a conviction for the felony, and submitted the second count, a misdemeanor, to the jury. It would have been better practice to have requested specific instructions on this subject as suggested in the D'Angelo case which was an indictment for assault and battery, but the gravity of the crime charged in this case, while it did not change the duty of the court, required that very clear and specific instruction should be given in regard to reasonable doubt. The later decisions of the Supreme and this court demand that the rule on this subject should not be relaxed.

The term is a legal expression frequently used, and yet difficult to accurately define. The burden of proof is upon the Commonwealth, and all the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent until he is proven guilty. To work an acquittal, the reasonable doubt must be an actual, substantial one arising from the evidence or want of evidence in the case. The repeated declarations by the appellate courts have emphasized the necessity for full and adequate instruction on this subject. In Com. v. Rider, 29 Pa. Superior Ct. 620, we said, "When a reasonable doubt, within the meaning of the law under the evidence, exists, it is the

property of the defendant, and must result in an acquittal. This principle is too well recognized and important to be ignored." And in Com. v. Duffy, 49 Pa. Superior Ct. 344, "While it is not required that the words (reasonable doubt) should be repeated, it is imperatively demanded by our decisions that the jury should be clearly and positively instructed as to their meaning. It is a time-honored safeguard upon which all defendants have a right to rely: Com. v. Devine, 18 Pa. Superior Ct. 431.

In Com. v. Colandro, 231 Pa. 343, it is stated: The defendant is not only entitled to any reasonable doubt which may arise upon an ultimate consideration of the evidence remaining after the testimony deemed unworthy of belief has been sifted out, but to the benefit of every reasonable doubt which may enter the mind of the juror upon the consideration of any item of evidence during the process of sifting out.

The necessity for helpful explanation from the trial judge on this subject is aptly illustrated in Com v. Andrews, 234 Pa. 597, "Our own experience leads to the belief that, except as instructed by the court, the ordinary juror fails in proper comprehension of what is implied in the term, or at least is apt to so fail. Helpful elucidation of the term has been so frequently accomplished, as our text-books and reports show, that the danger of misleading in the attempt to elucidate is easily avoided."

We are not called on to decide that the defendant was prejudiced by the omission of the trial judge to explain to the jury the legal significance of a reasonable doubt, and the effect to be given to it, if existing. The law requires that such explanation be given as will be comprehended by the ordinary juror, and to withhold that explanation is a denial of a right to which every defendant is entitled under our practice.

In this respect the charge was inadequate. The fourteenth assignment of error is sustained, the judgment is

reversed and the record remitted to the court below for a new trial.