## Commonwealth *v.* Booker, Appellant (No. 1).

*Criminal law—Fortune telling—Act of April 8, 1861, P. L. 270 —Assignments of error.*

Assignments of error which do not quote the language complained of, and where no exceptions have been taken, will not be considered on appeal.

*Criminal law—Charge of court—Sufficiency.*

Instruction of the court that it was the duty of the Commonwealth to convince the jury beyond a reasonable doubt of the guilt of the defendant, and that he starts with a presumption of law in his favor that he is innocent, and that that presumption goes with him throughout the trial until it is overcome by evidence on the part of the Commonwealth, is sufficient.

If more specific instruction was desired it was the duty of the counsel to bring the subject to the attention of the court, and a complaint that the charge was not adequate, in respect to the question of reasonable doubt, will not be entertained on appeal.

Argued April 30, 1919. Appeals, Nos. 25 and 26, April T., 1919, by defendant, from judgment of Q. S. Allegheny Co., Feb. Sess., 1917, Nos. 57 and 58, on verdict of guilty in the case of Commonwealth v. Edward Booker. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Indictment for fortune telling in violation of the Act of April 8, 1861, P. L. 270. Before SLOAN, P. J., specially presiding.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*J. Welfred Holmes,* for appellant.

*W. H. Walsh,* Assistant District Attorney, and with him *Harry H. Rowand,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 17, 1919:

The defendant was convicted of fortune telling in violation of the Act of April 8, 1861, P. L. 270. The first, second, third and fourth assignments do not comply with rule 16 of this court. None of them exhibits the language complained of nor are there exceptions which bring the subject of the assignments on the record. The question and answer set forth in the fifth assignment were fruitless. The witness was unable to answer the question, and no possible harm was done to the defendant. The same may be said of the sixth assignment. The seventh and eighth assignments contain offers to prove that the witness had consulted the defendant with reference to divine healing and had received some benefit from conversations with him. This inquiry was irrelevant. Whatever may have been the practice of the defendant with reference to the treatment of diseases it had no relation to the charge contained in the indictment.

Complaint is made in the ninth assignment of the manner in which the district attorney presented the case to the jury with respect to the use of charms; but this address is not before us and was not excepted to. No basis for review is presented in the assignment. The tenth assignment relates to the omission of the trial judge to define reasonable doubt. The instruction of the court was that it is the duty of the Commonwealth to convince the jury beyond a reasonable doubt of the guilt of the defendant. He starts with the presumption of law in his favor that he is innocent, and that presumption goes with him throughout the trial until it is overcome by evidence on the part of the Commonwealth beyond a reasonable doubt. If more specific instruction was desired, it was the duty of the council to bring the subject to the atten-

tion of the court, and a complaint now that the charge was not sufficiently full cannot be entertained.

The eleventh assignment is without merit. It contains a quotation from the charge in reference to some letters which had been offered in evidence. The respect in which the charge is objectionable has not been presented in the argument.

The twelfth assignment contains a complaint that the court failed to call the attention of the jury to the evidence of reputation. A trial judge is not bound to review the evidence in cases of this kind. The range of the testimony was limited. The accusation was within narrow compass and the jury heard the evidence bearing on the case. If it were important that the character evidence be referred to by the court, a request to that effect should have been made at the close of the charge.

We find nothing in the case which requires a reversal. The judgment is affirmed and it is ordered that the defendant surrender himself to the Court of Quarter Sessions of Allegheny County in order that he may be committed to undergo as much of the sentence imposed by the court as he had not served at the time this appeal was taken.

KELLER, J., dissents.