## Commonwealth *v*. Wilt, Appellant.

*Criminal law—Larceny—Embezzlement—Charge of court—Pre-
sumption of innocence—Reasonable doubt.*

In the trial of an indictment for larceny and embezzlement, the
failure to charge as to the presumption of innocence is not re-
versible error, where proper instructions are given on the question
of reasonable doubt.   If the defendant's counsel desired any further
instructions on a matter referred to by the court, it was his duty
to call attention to the same before the jury retired.   In the ab-
sence of such request, the trial court will not be reversed for any
inadvertent omission in its charge, unless it should clearly appear
that the defendant was materially prejudiced thereby.

*Criminal law—Embezzlement—Evidence—Proof—Sufficiency.*

The receipt of a check by an "agent" of the party, who diverts
the proceeds thereof from the object for which it was received and
unlawfully appropriates the same to his own use, though he may
not handle the currency itself, is sufficient to constitute the of-
fense of embezzlement by an agent, and the same rule will apply to
the case of a broker making a similar misappropriation of funds.

Argued December 6, 1920.   Appeal, No. 14, March T.,
1921, by defendant, from judgment of Q. S. York County,

106, (1921).] Statement of Facts—Opinion of Court below.

Jan. Sessions, 1919, No. 30, on verdict of guilty in the case of Commonwealth of Pennsylvania v. M. C. Wilt. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for larceny, larceny by bailee embezzlement by broker and embezzlement by agent. Before WANNER, P. J.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

The facts are stated in the following opinion of the court below refusing new trial:

The defendant in this case was convicted of the offenses of "Embezzlement by Broker" and "Embezzlement by Agent" under the provisions of the Act of March 31, 1860, P. L. 427, and was acquitted of the charges of "Larceny" and "Larceny by Bailee" as contained in the same bill of indictment.

The chief contention of the defendant's counsel is that the indictment does not properly set forth, and that the facts relied upon by the Commonwealth, do not constitute the offenses for which the defendant was convicted. The indictment, however, charges these offenses substantially in the language of the statute defining them, and with sufficient particularity to sustain them, under the decisions upon that subject. The controlling question of fact in the entire case was, whether or not in the transactions in question between the prosecutor and the defendant, the latter acted as an "agent" or a "broker" within the meaning of the act of assembly above cited. The leading facts of the case were practically undisputed. There had admittedly been negotiations between the parties for the purchase of a large consignment of flour by Patrick Lonergan, the prosecutor, who is the proprietor of a bakery in the City of York. Shortly afterward the defendant notified the prosecutor that the flour had arrived in York for him, and was ready for delivery upon payment of the ship-

per's draft for the price of the same. The goods were consigned to the shippers themselves with draft on M. C. Wilt for the price thereof attached to the bill of lading, and the goods were on board a railroad car ready for delivery.

It is admitted by the defendant as well as otherwise proven that the defendant thereupon received from Patrick Lonergan a check of the latter for the sum of $5,-062.50, for the express purpose of paying said draft and making delivery of the goods to the prosecutor. It is further admitted, as well as fully proven, that the defendant instead of paying said draft and delivering the flour to the prosecutor as stipulated for, deposited said check in the York Trust Company to his own credit and that he afterward checked out the proceeds of said deposit for his own use and benefit, in payment of certain financial obligations that were then pressing upon him but with which the prosecutor had nothing to do.

The receipt of a check by an "agent" of the party, who diverts the proceeds thereof from the object for which it was received and unlawfully appropriates the same to his own use, though he may not handle the currency itself, is sufficient to constitute the offense of embezzlement by an agent under the decisions, and the same rule would no doubt apply to the case of a broker making a similar misappropriation of funds: Com. v. Wheeler, 73 Pa. Superior Ct. 166; People v. Hatch, 125 Pac. Rep. 907; West Va. v. Fraley, 42 L. R. A. (New Series) 498; Com. v. Yerkes, 119 Pa. 266.

Practically the only defense to these charges was the defendant's allegation that in this transaction with the prosecutor, he was not a "broker" or an "agent" but that he was a "jobber" in flour, and as such was himself the owner of the flour which he sold to Patrick Lonergan, and that he bought it directly from Stock & Sons.

He was not corroborated as to this by any other witness, and was contradicted by the prosecutor, who testified that Wilt was only the "go between" for the parties

for the purchase and sale of the flour in question, and that he had bought it from the consignor of the same. He also testified to similar transactions from time to time previously between himself and the defendant in the course of his business. He also testified that the check which he gave the defendant covered not only the price of the flour, as per the bill of lading, but also the defendant's commissions on the sale of the same.

The fact that the flour was consigned to the shippers themselves and that on nonpayment of the draft for its purchase price it was reshipped elsewhere by the railroad on orders from the consignor, was admitted by the defendant and was much relied upon by the Commonwealth to show that the flour still belonged to the consignor. It was also testified by the defendant himself that the ownership of the flour was to pass upon payment of the draft for the same attached to the bill of lading. All of the testimony on this important question of fact was carefully submitted to the jury. What constitutes "an agent" or "a broker" within the purview of the act of assembly above cited was clearly defined to the jury, not only in the trial court's own language, but in that of the appellate courts themselves in extracts read to the jury from recent decisions on this subject, and to this portion of the court's charge no exceptions were taken either at the trial or at the argument of this motion. The jury found this question of fact against the defendant upon evidence which in the opinion of the court fully justified it in rendering a verdict of guilty of the offenses above named.

It is objected, however, that the court did not sufficiently charge the jury on the subject of "reasonable doubt," as a ground of acquittal in criminal cases. But it will be found that the court in its review of the nature of the offense charged in the first count of this bill and of the evidence necessary to sustain it, said: "If the evidence satisfies you of those facts beyond a reasonable doubt it would be your duty to find him guilty of larceny.

**110**   COMMONWEALTH *v.* WILT, Appellant.

Opinion of Court below—Assignment of Errors.   [76 Pa. Superior Ct.

If it does not do so, your verdict should be, 'Not Guilty.' "
While it is true that this was not repeated in connection
with the court's review of each offense charged in this
bill, there is no rule of law requiring it to be done, and
it would seem to be quite unnecessary in a case having
so simple an issue and so few facts in dispute as this one.

If the defendant's counsel desired any repetition of
this instruction or any fuller elaboration of the nature
of a reasonable doubt the court would have been just as
ready to give it, as it was to correct an inaccurate ex-
pression to which its attention was called by counsel at
the close of its charge.   It is abundantly decided that it
is the duty of counsel desiring fuller, or different in-
structions as to a matter referred to by the court to call
attention to the same before the jury retires.   In the
absence of such request the trial court will not be re-
versed for any inadvertent omission in its charge unless
it should clearly appear that the defendant was materi-
ally prejudiced thereby:  Com. v. Berney, 66 Pa. Su-
perior Ct. 434-437;  Com. v. Berney 262 Pa. 176;  Com. v.
Wills, 72 Pa. Superior Ct. 73.

The rejection of a letter marked "Exhibit C," relating
to another transaction between the prosecutor and the
defendant in a previous year, is objected to, on the mo-
tion for a new trial, but as the letter has not been in-
cluded in the transcript, or this objection insisted upon
by counsel, it may be treated as waived.

Under the law and the facts of the case, as they ap-
peared at the trial, and as already reconsidered in this
opinion, the court could not affirm the defendant's re-
quests for binding instructions for an acquittal.

Now to wit, October 18, 1920: The motion for a new
trial is overruled and refused.

*Errors assigned,* among others, was the charge of the
court, refusal to give binding instructions for the defend-
ant and refusal of defendant's motion for a new trial.

106, (1921).]    Arguments—Opinion of the Court.

*Harvey A. Gross,* for appellant.—The defendant was not an agent of the prosecutor and could not be convicted of embezzlement: Com. v. Banker Bros. Co., 38 Pa. Superior Ct. 101; Braunn & Fitts v. Keally, 146 Pa. 519; Com. v. Lettieri, 63 Pa. Superior Ct. 532; Com. v. Newcomer, 49 Pa. 478; Com. v. Biggam, 1 Pa. District Reports 438.

The charge of the court was not sufficient in regard to reasonable doubt: Com. v. Hoskins, 60 Pa. Superior Ct. 230; Com. v. Duffy, 49 Pa. Superior Ct. 344; Com. v. Holgate, 63 Pa. Superior Ct. 246; Com. v. Russogulo, 263 Pa. 93.

*C. W. Albert Rochow,* District Attorney, for appellee. —The defendant was an "agent" and was guilty of embezzlement: Com. v. Wheeler, 73 Pa. Superior Ct. 164; Com. v. Barton, 20 Pa. Superior Ct. 447; Com. v. Lettieri, 63 Pa. Superior Ct. 532.

OPINION BY ORLADY, P. J., March 5, 1921:

The defendant was tried under an indictment charging him with (1) larceny; (2) larceny by bailee; (3) embezzlement by broker; (4) embezzlement by agent. He was found not guilty on the first and second, but guilty on the third and fourth counts. Motions in arrest of judgment and for a new trial were filed, and after hearing were overruled and refused. Appellant's criticism of the charge of the court is not warranted, as every phase of the case, as to the disputed facts, was fairly presented to the jury. At the conclusion of the trial when the motion for binding instructions was under consideration, the court said, "We decline to grant this motion. There are serious questions covering this indictment and the nature of the defense involved, and the court cannot in this summary manner dispose of them. We will submit the questions of fact to the jury, retaining the court's control of the result thereof. There is no

danger of a failure of justice in this proceeding, as there might be in the other."

In the opinion filed in refusing a new trial, the reserved questions are so fully and accurately disposed of that it is not necessary to further review them. As to reasonable doubt, the jury was instructed, "If the evidence satisfies you of these facts beyond a reasonable doubt, it would be your duty to find him guilty of larceny. If it does not so satisfy you, your verdict should be not guilty." The effect of this is manifest in the return by the jury of a verdict of not guilty as to larceny.

As to the third and fourth counts, the court said, "If then you find on the evidence in this case beyond a reasonable doubt that this defendant was the bailee of these goods, this money or this check, with the duty to return it again to Mr. Lonergan, and, instead of returning it, he appropriated it to his own use, then he would be guilty of that charge. If you do not find these facts, then your duty would be to find him not guilty of this charge."

There could be no misunderstanding by the jury as to their duty in weighing the evidence to determine the guilt or innocence of the defendant, and it is not necessary for a judge to repeat a plain declaration of law where it is so clearly stated as in this charge. No request was made for more particular instructions, though the attention of counsel was directed to the subject. And, in the absence of a request for more specific instructions, the charge will not be held to be inadequate, albeit the evidence on one side might properly have been more fully referred to: Com. v. Russogulo, 263 Pa. 93; and any failure in the charge as to the presumption of innocence in the absence of a request to do so, is not reversible error where proper instructions are given on the question of reasonable doubt: Camp v. Allegheny County, 263 Pa. 276; Com. v. Wheeler, 73 Pa. Superior Ct. 164; Com. v. Berney, 262 Pa. 176. The court will not consider an appeal on any new theory or attitude toward

106, (1921).]        Opinion of the Court.

the trial of the case which was not properly before the court. Under the theory on which the case was tried, "If a party does not avail himself of a legal position that was fairly before him, had he desired to use it, he cannot on appeal, raise it to the prejudice of the opposing party, who might thus be deprived of bringing forth evidence that should be necessary to meet the legal position assumed": Morrett v. Fire Association of Phila., 265 Pa. 9. The verdict was fully warranted by the evidence, and the defendant has no just reason to complain of the manner in which the case was submitted. We find no reversible error in the trial, or any abuse of discretion in the refusal to grant a new trial.

The assignments of error are overruled, the judgment is affirmed, the record is remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal on this case was made a supersedeas.