## Commonwealth *v.* Kelsey, Appellant.

*Criminal law—Fornication and bastardy—Adultery—Reasonable doubt—Instructions to jury—Charge of the court.*

Where in the trial of an indictment for adultery and fornication and bastardy, the court carefully and fully instructed the jury as to reasonable doubt, it is not reversible error that some sentences taken from the charge by themselves were unfavorable or seemed so to the defendant.

No request having been made for special instructions, and the court having reviewed the testimony with exceptional care, there is no reversible error in a charge simply because the court said "You have no right to give anybody the benefit of a doubt" and in another place "It (reasonable doubt) does not mean that you should just lightly say, 'Oh, well, there is a doubt in this case and we will give him the benefit of the doubt.'"

Argued December 7, 1920.   Appeal, No. 235, Oct. T., 1920, by defendant, from judgment of Q. S. Northampton County, Dec. Sessions, 1919, No. 24, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Morris Kelsey.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Indictment for adultery, fornication and bastardy. Before STEWART, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were certain extracts from the charge of the court.

*George L. Xander,* and with him *A. C. LaBarre,* for appellant.—An uncertain instruction or charge is ground for reversal: Com. v. Wooley, 259 Pa. 253; Com. v. Bober, 59 Pa. Superior Ct. 573; Com. v. Duffy, 49 Pa. Superior Ct. 344; Com. v. Sayers, 21 Pa. Superior Ct.

79. Misstatements of law in one part of the charge are not cured by correct statements in another part: Com. v. Ross, 266 Pa. 580; Com. v. Duffy, 49 Pa. Superior Ct. 367; Com. v. Moll, 39 Pa. Superior Ct. 107. It is enough to know the jury might have been misled by erroneous instructions on a vital point: Com. v. Divomte, 262 Pa. 507.

*C. P. Maxwell,* Assistant District Attorney, and with him *T. McKeen Chidsey,* District Attorney, for appellee.

Opinion by Orlady, P. J., March 5, 1921:

The defendant was convicted in the court below on an indictment charging him with adultery, fornication and bastardy. The disputed facts were submitted to the jury in a charge covering seventeen pages of the appellant's paper-book, and an application for a new trial was refused in an opinion covering ten pages. The only point submitted by the defendant was, that under all the evidence the verdict should be not guilty, and the only assignment of error presented for our consideration, is made up of the detached excerpts from the charge of the court in relation to reasonable doubt. The completed statement by the court in its charge is as follows: "I said to you that the Commonwealth must make out its case beyond a reasonable doubt. It does not mean, gentlemen of the jury, that the Commonwealth must make out its case beyond all doubt. It does not mean, gentlemen of the jury, that you should make the doubt. It does not mean that you should just lightly say, oh, well, there is a doubt in this case and we will give him the benefit of the doubt. It does not mean that at all. You would not be doing your duty to the Commonwealth and to this defendant if you acted in that way. You have no right to give anybody the benefit of a doubt. The doubt must be in your minds. You must look over this case, remembering that you are charged to find the guilt or the innocence of this defendant as

to the charge of adultery, and if the doubt is there, if it is in your minds, if when you consider the case you say the doubt is here in my head I am not satisfied—I am not convinced—then he is entitled to it, and your verdict should be a verdict of not guilty. For jurors ought not to condemn unless they are satisfied and convinced by the evidence, by the same kind of testimony that would satisfy and convince them of any of the more important affairs of life." It is not necessary to review the decisions on this question. No request was made by the defendant for special instructions, and the court, with exceptional care reviewed the testimony and referred to the term reasonable doubt eight times in his charge, with special reference to this case.

Under the authority of Commonwealth v. Berney, 262 Pa. 176; Com. v. De Palma, 268 Pa. 25; Com. v. Booker, 72 Pa. Superior Ct. 395, of the more recent cases on this subject, there was no reversible error in the charge of the court, and the reasons urged for a new trial are fully answered in the opinion filed by the court.

The judgment is affirmed, the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal on this case was made a supersedeas.