# Commonwealth *v.* Taylor, Appellant.

*Criminal law—Procedure—Charge of the court—General exception—Question on appeal.*

A general exception to the charge of the court, upon the trial of an indictment for felonious entry and larceny, raises, upon appeal, only questions of basic fundamental error.

*Criminal law—Charge of the court.*

Where the court, in substance, said that all those connected with the crime, all who conspired or confederated to commit it, and had guilty knowledge of it, were guilty, although not actually present at its consummation, such instructions are without error.

*Criminal law—Reasonable doubt—Charge of the court—Failure to request further instructions—Substantial reasonable doubt.*

It is not reversible error in a trial, unless the charge is murder, for the court to instruct as to reasonable doubt in the very language of the law, and stop with that. If further instructions are desired, counsel should so request, but so long as counsel impliedly consent by silence, to the instructions given, they cannot thereafter complain.

A doubt, to work an acquittal, must be serious and substantial, and the use by the court of the term "substantial, reasonable doubt" is not of itself error.

*Criminal law—Evidence—Fighting—Cross-examination.*

It was not error to refuse to allow cross-examination for the purpose of showing that an accomplice, who testified for the Commonwealth, had been in trouble thirteen years before for fighting. Such evidence, if true, would not affect the veracity of the witness.

Argued October 24, 1921. Appeal, No. 3, March T., 1922, by defendant, from judgment of Q. S. Dauphin County, Jan. Sessions, 1921, No. 169, on verdict of guilty, in the case of Commonwealth v. Harry J. Taylor. Be-

386, (1922).]  Statement of Facts—Opinion of the Court.
fore ORLADY, P. J., PORTER, HENDERSON, HEAD, TREX-
LER, KELLER and LINN, JJ.  Affirmed.

Indictment for felonious entry and larceny.  Before
HARGEST, P. J.
The defendant was charged with having assisted other
persons, separately indicted, but tried jointly with de-
fendant, in feloniously entering a Pennsylvania Railroad
car, and stealing a large quantity of cigarets therefrom.
Verdict of guilty and judgment of sentence thereon.
Defendant appealed.

*Errors assigned* were various parts of the charge of
the court and rulings on evidence.

*Oscar G. Wickersham,* and with him, *C. P. Addams,*
for appellant.—The court was in error in its instruc-
tion as to reasonable doubt, and gave the jury a wrong
impression: Com. v. Andrews, 234 Pa. 608; Com. v.
Devine, 18 Pa. Superior Ct. 434.
Great latitude should be allowed in the cross-examina-
tion of an accomplice: Kilrow v. Com., 89 Pa. 485.

*Philip S. Moyer,* District Attorney, for appellee.—
Only basic or fundamental errors in the charge can be
considered on this appeal: Com. v. Scherer, 266 Pa. 210;
Com. v. Goodelman, 74 Pa. Superior Ct. 526.
The portion of the charge relating to reasonable
doubt is correct under the rules established by the cases
of Com. v. Berney, 262 Pa. 176; Com. v. Harman, 4 Pa.
269; Com. v. Hoskins, 60 Pa. Superior Ct. 230.

OPINION BY TREXLER, J., March 3, 1922:
Defendants were convicted of felonious entry and
larceny.  There are eleven assignments of error pre-
sented, nine of them directed to the charge of the court.
There was only a general exception taken to the charge
and therefore only basic fundamental error should be con-

sidered: Commonwealth v. Scherer, 266 Pa. 210. We find nothing that would warrant a reversal even if matters involved were properly before us.

It is said that the court charged the jury that if the defendants conspired to commit the offense, they were guilty of it. If we take the entire paragraph in which reference is made to the acts of the defendants, we find that the court in substance charged that all those connected with the crime, all who conspired or confederated to commit it and had guilty knowledge of it, were guilty, although not actually present at the consummation of it. There can certainly be no objection to this instruction. It was entirely proper.

The objection that the court did not define reasonable doubt is equally unfounded. If fuller instructions were desired, request to that end should have been made. It is not a reversible error in a trial, unless the charge is murder, for the court to instruct as to reasonable doubt in the very language of the law and stop with that. If further instructions are refused, that may put another phase to the matter, but as long as counsel impliedly consent by silence to the instructions, they cannot thereafter complain. See Commonwealth v. Berney, 262 Pa. 176.

The court used the words "substantial reasonable doubt." There was warrant for the use of "substantial" in this connection: Commonwealth v. Harman, 4 Pa. 269-274. In that case Chief Justice GIBSON stated that a doubt to work an acquittal must be serious and substantial, not the mere possibility of a doubt: Com. v. Hoskins, 60 Pa. Superior Ct. 230.

The other assignments directed to the charge, require no notice, they are without merit.

The learned trial court is charged with error in not allowing counsel for defense to cross-examine the accomplice Piffley, who it is learned since the trial had previously been sentenced to a term of two years in the Allegheny County workhouse. Of course we are bound

by the record before us and cannot consider the question unless properly raised. The question and answer were: Q. "You have been in trouble before?" A. "Been in trouble about thirteen years ago for fighting." Objection was made to this and sustained on the ground that "fighting" is a mere misdemeanor. The colloquy between the court and counsel related to the proper way of proving the nature of the crime. Whether the court was right or wrong, we have as the matter is presented, only one question before us and that is, was it proper to show that the witness had been in trouble thirteen years before for fighting? Of course, this would not affect his veracity and would throw no light on the question whether the jury should believe him or not: Com. v. Varano, 258 Pa. 442; Com. v. Keegan, 70 Pa. Superior Ct. 436.

The tenth assignment charges the court with abuse of discretion in admitting the testimony of a certain witness in rebuttal. As there was no objection made at the trial this assignment cannot be considered.

All the assignments are overruled.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.