## Commonwealth of Pennsylvania *v.* Dougherty, Appellant.

Argued December 10, 1928.

Before TREXLER, KELLER, LINN, GAW-THROP and CUNNINGHAM, JJ.

*Charles D. McAvoy,* for appellant.

*George C. Corson,* First Assistant District Attorney, and with him *Frank X. Renninger,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., January 25, 1929:

The defendant stands convicted of the possession, sale, furnishing and transportation of intoxicating liquor in violation of the Prohibition Enforcement Act of March 27, 1923, P. L. 34. The only complaints made in his behalf in this appeal are that the charge of the court was insufficient, first, because there was a failure to instruct the jury as to the weight to be given the testimony of an accomplice who was an admitted perjurer; and second, because there was a failure to instruct the jury as to the meaning of the term "reasonable doubt." As there was only a general exception taken to the charge, only fundamental error should be considered: Com. v. Scherer, 266 Pa. 210; Com. v. Taylor, 78 Pa. Superior Ct. 386. In the circumstances disclosed by a reading of the record, we might well overrule the assignments on that ground. We have decided, however, to briefly state our reasons for concluding that the complaints are without merit. In so doing we shall freely adopt the language of the very satisfactory opinion of the learned president of the court below.

(1) The court charged that "the defendant is presumed to be innocent and the burden rests upon the Commonwealth to establish his guilt to your satisfaction beyond a reasonable doubt." Later he cautioned

the jury three times that before convicting the defendant the testimony should satisfy them beyond a reasonable doubt of his guilt. At the conclusion of the charge and before the retirement of the jury, he requested counsel to call his attention to any error of omission or commission "so that such error may be promptly cured," but counsel for the defendant made no complaint of the instructions on the subject of reasonable doubt. No previous request had been made for instructions on that subject. Our Supreme Court said, in Com. v. Berney, 262 Pa. 176: "Simple failure on the part of the judge to extend his instructions, without request, so as to include an explanation of the expression 'reasonable doubt' has never with us been held to be reversible error." That was the one complaint made in that case and the conviction was sustained and the judgment affirmed. "If fuller instructions were desired, request to that end should have been made. It is not reversible error in a trial, unless the charge is murder, for the court to instruct as to reasonable doubt in the very language of the law and stop at that. If further instructions are refused, that may put another phase to the matter, but as long as counsel impliedly consent by silence to the instructions, they cannot thereafter complain": Trexler, J., in Com. v. Taylor, supra. See also: Com. v. D'Angelo, 29 Pa. Superior Ct. 378; Com. v. Grasse, 80 Pa. Superior Ct. 480; Com. v. Wilt, 76 Pa. Superior Ct. 106.

(2) Our disposition of the question whether it was the duty of the trial judge to instruct the jury as to the weight to be given to the testimony of an accomplice, who was an admitted perjurer, calls for a brief statement of facts. One of the Commonwealth's witnesses, Ida Furey, was arrested in April, 1928, after police officers had searched her home in Norristown and seized intoxicating liquor found therein. One of the officers asked her if she had obtained the liquor from the defendant, who had already served a sentence

of imprisonment for six months for violation of the liquor laws. Mrs. Furey replied that she did not know Dougherty. She was held for court on the charge of violating the Enforcement Act and on May 11, 1928, entered a plea of guilty in the court below. Before she was sentenced the trial judge questioned her under oath for the purpose of learning the name of the person from whom she obtained the liquor. She testified that she had bought it from "an Italian fellow by the name of Nick." In imposing on her a sentence of imprisonment for one year, the judge said: "If and after you have had an opportunity for contemplation, you refresh your recollection as to who sold you this liquor, and notify the district attorney and he is able to secure a conviction, something will be done towards releasing you." Thereupon, Mrs. Furey was committed to jail. Five days later she sent for the chief probation officer of the court below, an acquaintance of some five years standing, and told her that the liquor found in her possession at the time of the arrest had been bought from the defendant, Dougherty. At the trial of the case at bar Mrs. Furey testified that she bought alcohol from the defendant and paid him $8 per gallon. Another witness testified that she saw these transactions.

It is urged upon us that the statement made to Mrs. Furey by the court when she was sentenced amounted to a promise tending to induce her to exercise her force of imagination to the extent necessary to obtain her freedom; that in testifying at the trial in the present case that she had bought her liquor from Dougherty and not from an Italian named Nick, she became a perjurer, and that the unreliable source of her testimony on these grounds and because she was an accomplice of Dougherty when she purchased the liquor from him, should have been carefully explained to the jury. First, it may be observed that it is more than doubtful whether Mrs. Furey was an

accomplice of Dougherty in the commission of the offense for which he was being tried. Our courts have not held that the mere fact that one purchases liquor from another makes him an accomplice in the sale, and there is persuasive authority in other jurisdictions to the contrary. See State v. Teahan, 50 Conn. 92; Plachy v. State, 239 S. W. 979; Baumgartner v. State, 20 Ariz. 157. Conceding for present purposes, but not deciding, that the witness was an accomplice and that the testimony was less entitled to credence for that reason, this is not a case where conviction was secured by the uncorroborated testimony of an accomplice. The testimony of Elizabeth Richards justified the verdict and the jury was so instructed. Whatever may be the need for calling the attention of a jury to the degree of caution to be exercised in weighing the testimony of an uncorroborated accomplice, our information is that it has never been held in this jurisdiction, that the necessity exists where there is corroborating testimony sufficiently convincing in itself to warrant a conviction. This is such a case. When counsel for the defendant suggested at the close of the charge that the court had not called the attention of the jury to Mrs. Furey's prior testimony when she entered a plea of guilty, the court said to the jury that in view of the fact that the question of the credibility of the witnesses had been discussed before the jury by counsel for the defendant for forty minutes, the trial judge had refrained theretofore and would refrain from entering into a discussion of the subject. In his opinion the court says that the credibility of the Commonwealth's witnesses, their interests and the motives and the weight to be given their testimony was discussed by counsel for the defendant in his address to the jury "with able completeness" and that the jury was "eloquently apprised of her (Mrs. Furey's) lack of credibility." Knowing the counsel for the defendant to be, as de-

scribed by the court below, "an excellent criminal lawyer of varied practice and wide experience," we have no doubt that the trial judge could have added nothing helpful to the defendant on the subject of the credibility of this witness. In such circumstances the complaint of inadequacy of the charge in this respect is also without merit.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.