Commonwealth *v.* Fisher, Appellant.

Argued March 15, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*B. D. Oliensis,* and with him *Wm. T. Connor* and *John R. K. Scott,* for appellant.—The holder of a permit under the Act of 1926 who attempts to dispose of beer prior to its dealcoholization, must be prosecuted under that act and not under the general prohibition Act of 1923: Commonwealth v. Liberty Prod. Co., 84 Pa. Superior Ct. 473; Premier Cereal and Beverage Co. v. Pennsylvania Alcohol Permit Board, 9 D. & C. 554; Ft. Pitt Bldg. & Loan Association v. Model Plan Bldg. & Loan Association, 159 Pa. 308; Phillips v. Barnhart, 27 Pa. Superior Ct. 26; Curran v. Delano, 235 Pa. 478.

*John A. Boyle,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.—The Act of 1926 is not inconsistent with nor repugnant to the Act of 1923, and the former act did not repeal the latter: Endlich on Interpretation of the Statutes, pages 274-275, section 205; Commonwealth v. McNamara, 93 Pa. Superior Ct. 267; First State Bank of Shelby v. Bottineau, 185 Pac. Rep. 162; Commonwealth v. Sabo, 83 Pa. Superior Ct. 166.

OPINION BY KELLER, J., April 10, 1929:

Defendant was convicted of unlawfully (1) manufacturing and (2) possessing intoxicating liquor for beverage purposes, to wit, eighty half barrels of beer.

The assignments of error, in the light of the statement of questions involved, present two grounds of appeal: (1) That the prosecution should have been brought under the Act of February 19, 1926, P. L. 16, instead of the Act of March 27, 1923, P. L. 34; (2) that the charge of the court below on the subject of reasonable doubt was so erroneous as to require a reversal.

(1) Appellant contends that the holder of a permit to manufacture cereal beverage or "near beer" under

the Act of 1926, supra, who manufactures and has in his possession, in barrels ready for sale and delivery, "high-powered" or regular beer containing three or four per cent. of alcohol by volume, can only be prosecuted for a violation of the Act of 1926, supra, and may not be indicted for a violation of the general Act of 1923, forbidding the manufacture, possession, sale, etc., of intoxicating liquors for beverage purposes. We cannot assent to this view. The Act of 1926 is expressly declared to be a supplement to the Act of 1923. It does not repeal or supplant the earlier act, but only supplements it by enacting certain provisions designed to regulate phases of the manufacture of alcohol not covered by the general prohibitory act. The manufacture, possession and sale of cereal beverage or "near beer," containing less than one-half of one per cent. of alcohol, was not forbidden by the Act of 1923, and by section 3 of that act it was declared not to be a violation of the statute if in process of brewing or manufacture only the cereal beverage contained more than one-half of one per cent. of alcohol. The Act of 1926 qualifies this provision by providing a method for regulating the manufacture of cereal beverages, as well as denatured or industrial alcohol for non-beverage purposes, and requiring a permit from a state board in addition to any prescribed by federal statutes (Premier Cereal & Beverage Co. v. Penna. Alcohol Permit Board, 9 D. & C. 554, 292 Pa. 127); but in no other respect is the Act of 1923 affected. The manufacture, possession, sale, transportation, etc., of intoxicating liquors is still a violation of the Act of 1923, just as it was before the Act of 1926 was passed, and this is so whether the offender has a permit issued under that act or not. The obtaining of a permit from the State Alcohol Permit Board does not render the holder immune from prosecution under the general prohibitory Act of 1923, if he violates its provisions. The two

acts are not inconsistent, but related together as parts of the machinery adopted by this Commonwealth to enforce the Eighteenth Amendment. This is evident from specific provisions in the Act of 1926, such as section 8, in which the bond which the applicant for, a permit is required to give is directed to be conditioned "for the faithful observance of all the laws of this Commonwealth relating to the manufacture, sale, offering for sale, bartering, furnishing, transporting, possessing, delivering within, or importing into, or exporting out of, this Commonwealth, of intoxicating liquors," using the very words employed in the prohibitory section (Sec. 3) of the Act of 1923; and in sections 13 and 18, reference is made to violations by the holder of the permit of "any provisions of the act to which this is a supplement," showing clearly the legislative intent not to bar, exclude, or interfere with prosecutions for offenses against the Act of 1923. The fact that an offense may be punishable under either of two acts does not prevent the Commonwealth from proceeding under whichever statute may be more convenient and susceptible of proof: Com. v. Sabo, 83 Pa. Superior Ct. 165, 168; Com. v. O'Donnell, 81 Pa. Superior Ct. 17, 19. In the present case the beer when seized was loaded on trucks ready to be hauled away. With a clear case of violating the Act of 1923 at hand, the Commonwealth is not required to aver and prove the additional facts necessary to sustain a conviction under the Act of 1926. The penalty for violation is precisely the same in both acts.

But, in addition, in this particular case, appellant's contention is completely answered by the fact that there is no competent proof in the record that he held a permit under the Act of 1926. The evidence is that he had a permit from the federal authorities and had signed an application to the Pennsylvania Alcohol Permit Board, but that a permit was issued to him by that board or was in force and unrevoked when

the beer was seized does not appear in the evidence. The defendant offered no testimony.

(2) The court was not obliged, in this case, to do more than instruct the jury as to reasonable doubt in the very language of the law, and stop with that: Com. v. Taylor, 78 Pa. Superior Ct. 386; Com. v. Berney, 262 Pa. 176. It is only in murder cases that the court is required, without any request for instructions, to explain more fully the exact meaning of the expression. No instructions on the subject were requested in this case and no special exception was taken by the appellant to that part of the charge. One might almost be justified in concluding that if the learned counsel for the defendant was not sufficiently conscious of any error in the court's charge as respects reasonable doubt to have an exception noted to it, the jury were probably not misled by it to his injury. The objection now brought forward seems to be in the nature of an afterthought.

The learned trial judge said to the jury: "This defendant comes into court, as all defendants do, under the presumption of innocence; that is, the law presumes that every defendant is innocent until that presumption has been overcome by evidence which satisfies the jury beyond a reasonable doubt of his guilt. Now what is reasonable doubt? A reasonable doubt is not a fanciful doubt, nor is it a doubt which the jury might raise up in their minds to avoid rendering an unpleasant verdict, but it simply means this, that if after a fair, honest and impartial consideration of all the facts, the jury still hesitates to find the defendant guilty he is entitled to the benefit of that doubt, and to an acquittal, but if, after a fair and impartial consideration of all the facts, the jury, without doubt, finds the defendant guilty, then they should say so." The learned judge here inadvertently cast on the Commonwealth a heavier burden than was proper, for the use of the phrase "without doubt" in-

stead of "beyond a reasonable doubt" was more favorable to the defendant than he was entitled to, and of this the latter naturally makes no complaint; but he claims that the court committed reversible error in its next sentence: "Any evidence which satisfies you men in the ordinary walks of life should satisfy you as jurors," which he contends is opposed to the latest pronouncement of the Supreme Court in Com. v. Green, 292 Pa. 579, 591, a murder case, where the Chief Justice said that the "juror should be warned that 'he ought not to condemn unless he is so convinced by the evidence that he would venture to act upon that conviction in matters of importance to his own interest'." But we do not understand that the trial judge was referring to "matters of ordinary concern," as distinguished from "matters of importance," but rather, that after laying down a rule as to how fully the jury must be satisfied of the defendant's guilt before they could convict, which was more favorable to the defendant than he had a right to ask, he told them that if as men, "in the ordinary walks of life," they were satisfied, from the evidence in the case, of the defendant's guilt, in the way which he had just explained, they should be satisfied as jurors; that they should not capriciously disbelieve as jurors evidence which satisfied them as men: Com. v. Harman, 4 Pa. 269, 273; Fife v. Com., 29 Pa. 429, 439; Clark v. Com., 123 Pa. 555; Com. v. Exler, 61 Pa. Superior Ct. 423, 435.

Taken as a whole and bearing in mind that the charge was a misdemeanor, and therefore did not require the full and complete discussion essential for a murder case, we think that the instructions were in substantial accord with the doctrine of reasonable doubt as stated by the Chief Justice in Com. v. Green, supra, p. 590, as follows: "If, in an endeavor to determine from the evidence any point essential to the Commonwealth's case, the juror hesitates as between

two conclusions and finds himself thinking, as to one of them 'such is, or may be, the fact,' and then is mentally reluctant to so conclude, and, after considering the evidence from all angle's, such hesitancy still persists, that is what the law terms a reasonable doubt and the defendant is entitled to the benefit of it;'' and that the jury were not misled, nor the defendant prejudiced, by the closing sentence of the instructions on that subject.

There was abundant evidence of the defendant's guilt, and courts should not be astute in reviewing a just conviction.

The judgment is affirmed; and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed when the order of supersedeas was entered.