## Commonwealth *v.* Wheeler, Appellant.

*Criminal law—Attorneys-at-law—Appropriation of money—Act of March 31, 1860, P. L. 410.*

The profession of an attorney-at-law includes much more than the mere management of the prosecution and the defense of litigated cases.

Where the defendant received money from a surety company on a check made to him as attorney, which was afterwards so endorsed

by him and the receipt he gave for it contained an allusion to himself as an attorney, there was sufficient evidence to show that he was acting in that capacity.

*Criminal law — Statute of limitations — Date of conversion — Charge of court.*

Where in a prosecution for the appropriation of money entrusted to an attorney-at-law, under the provisions of the Act of March 31, 1860, P. L. 410, the court was not asked to submit to the jury the ascertainment of the fact as to when the crime was committed, and the evidence establishes that it was not until some time within two years from the indictment, that the defendant definitely, and without excuse, refused to turn over the money to the proper owner, the court could not say, as a question of law, that the prosecution was barred by the statute of limitations.

Argued October 22, 1919.   Appeal, No. 219, Oct. T., 1919, by defendant, from judgment of Q. S. Philadelphia Co., June Sess., 1917, No. 667, on verdict of guilty in the case of Commonwealth v. Samuel F. Wheeler.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.   Affirmed.

Indictment charging embezzlement as attorney-at-law. Before MARTIN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned* was the charge of the court and refusal to grant a new trial.

*William A. Gray,* for appellant.

*John H. Maurer,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 1, 1919:

Defendant was indicted under the 114th Section of the Act of March 31, 1860, P. L. 410, which provides that

any person, being an attorney, and being entrusted for safe custody with the property of any other person, shall, with intent to defraud, or in any manner convert or appropriate it to or for his own use, shall be guilty of a misdemeanor. The defendant was a member of the bar. McMahon and others had been indicted in the federal courts for the fraudulent use of the mails. When arrested, McMahon asked Powell to obtain bail for him. The latter went to Wheeler, the defendant, whom he had known for many years, and requested him to get some bonding company to furnish the bail. There were a number of transactions, and eventually $15,000 was paid by Powell to Wheeler, who in turn paid the sum to the bonding company as collateral security. Afterwards the defendant received the said sum from the bonding company, its liability having terminated. Subsequently, when requested to pay the sum to Powell, Wheeler refused, and hence this prosecution.

The first assignment raises the question whether there was sufficient evidence to sustain the charge under the section of the statute above quoted. The contention of the defendant's counsel was that Wheeler was not an attorney in this matter, but a trustee. There was no objection made to the form of the indictment at the time of the trial. It first appears on the motion for a new trial. Powell testified that he had paid Wheeler a fee in this transaction, that he had known him as an attorney for fifteen years and had done business with him. When Wheeler deposited the money, a representative of the company designated him as attorney. When Wheeler, in turn, received the money from the company, the check was given to him as attorney, and was so endorsed by him, and the receipt he gave for it contained an allusion to him as an attorney. The fact that he was acting in that capacity seems to have been assumed at the trial. The profession of attorney-at-law includes much more than the mere management of the prosecution and the defense of litigated cases: Commonwealth

v. Barton, 20 Pa. Superior Ct. 447. There was sufficient evidence to show that the defendant in his relation to Powell, acted as attorney for him and a conviction under the above section was proper.

The second assignment is more serious, and is that the offense is barred by the statute of limitations. The court was asked to instruct the jury to bring in a verdict of not guilty, because the indictment was not found in the time required by the statute of limitations. The position of the defendant was that upon the facts as presented, there appeared no evidence of the conversion within the statutory period. The court was not asked to submit to the jury the ascertainment of the fact as to when the crime was committed. When we examine the testimony, we find that the moneys, which were the subject of embezzlement, were received September 29, 1913. The defendant, in the former criminal action, for which bail was entered, was surrendered April 10, 1915. During that time there were interviews arranged between Wheeler and Powell, but the money was not paid over. If the intention to convert this money to his own use was then present, the limitation would be a bar to the prosecution, for the indictment was not found until June 29, 1917. It, however, appears that the defendant assigned various reasons for his retention of the money. These excuses might have been honestly made, and might negative the idea of criminal intent. It was not until July 9, 1915, a date within the period of two years from the indictment, that defendant definitely, and without excuse, refused to turn over the money. Under this testimony, the court could not decide that the statute applied.

The defendant contends that it was necessary on the part of the Commonwealth to show that the money embezzled was the property of Francis Powell, that being the allegation contained in the indictment. Certainly the crime should have been proven as laid. The defendant raised the question on the following point: "The

jury must be absolutely satisfied that the money was Powell's before they can convict on this indictment." The court very properly refused to affirm this point. Obviously the jury need not be "absolutely" satisfied. There was abundant evidence to show that the money was given to Wheeler by Powell. The jury was not trying the question of ownership of the sum of money which Wheeler had. It was sufficient that upon the face of things, it presumably belonged to Powell, for Wheeler received it from him, and naturally Powell would be the person to whom it was to be returned. Whether someone else had a right to ask it from Powell, or whether the latter had merely a qualified ownership, is apart from the present inquiry.

Criticism is directed against the charge that it is inadequate, and not impartial. The point submitted is that the court "failed to comment on the Commonwealth's testimony to the same extent as that of the defendant's." The point does not appear to be directed against the comment of the court, but rather that the equilibrium was in some manner disturbed by the court not giving as much attention to the Commonwealth's testimony, as it did to the defendant's. That the court has a right to comment on the testimony, is beyond question. That it may not always see things from the same angle as counsel, is also quite evident. If counsel thought the court's mind should be directed to some particular view of a matter involved, it was his privilege to draw the court's attention to it. There are numerous suggestions made in the argument as to what the court should have said in its charge. The proper place to make them was in the court below. If the strictures of the defendant's attorney are justified, it would be our duty to reverse, but after reading over the whole charge we are convinced it was impartial. The respective contentions of the parties were fairly and adequately presented. As was said in Commonwealth v. Russogulo, 263 Pa. 93, the manner in which the evidence shall be dealt with

must of necessity depend upon the circumstances in each case, and to a degree upon the line of arguments pursued by counsel in addressing the jury. We do not agree with counsel that the charge amounts to an expression of opinion on the part of court that the defendant was guilty.

The only remaining assignment is the refusal of the court to grant a new trial. Unless it clearly appears that there was an abuse of discretion, the action of the court in refusing a new trial should not be reversed. At the trial, the defendant claimed to have received the money, which was the subject of the embezzlement, from a man by the name of Wagner. Counsel for the Commonwealth no doubt argued that this was merely a fabrication. Wagner was not produced. After verdict, numerous affidavits were filed to the effect that Wheeler's description of Wagner tallied with that of one Lewinsohn, who was engaged in the practice of furnishing bail, and had furnished bail to various defendants, and he was a man of bad character and a fugitive from justice, that he had in his employ a man named Wagner, and that he had assumed fictitious names. There were also affidavits filed that Powell had not received at any time from the source of income which he indicated at the trial, the sum of $15,000. Counter affidavits were filed. The matter was properly disposed of by the lower court, and what he said will serve the purposes of this opinion. We quote from the opinion upon the motion for a new trial: "Few of the facts averred in the affidavits would have been admissible as evidence at the trial; and all were or should have been within the knowledge of defendant before the trial. The witnesses within the jurisdiction of the court could have been required to attend by subpœna, and the testimony of those residing out of the State, if the testimony was material could have been taken by deposition and read in evidence in accordance with the terms of the Act of April 27, 1909 (P. L. 258). The verdict is supported by over-

whelming evidence of guilt. Ample opportunity was afforded defendant during the time elapsing between his indictment and trial to obtain evidence to which the affidavits relate, if he had regarded the testimony as material."

The assignments of error are overruled, the judgment, is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.