548 A.2d 1237

COMMONWEALTH of Pennsylvania

v.

H. Kenneth GROFF, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 3, 1988.

Filed Sept. 20, 1988.

354

William W. Campbell, Lancaster, for appellant.

Henry S. Kenderdine, Jr., District Attorney, Lancaster, for Com., appellee.

Before BECK, KELLY and JOHNSON, JJ.

BECK, Judge:

H. Kenneth Groff was found guilty of sexually abusing a child and was sentenced to five to fifteen years imprisonment. The principal issue raised on appeal is whether his trial lawyer provided ineffective assistance of counsel by failing to preserve the following questions for appellate review: 1) whether the defendant was denied due process of law by the Commonwealth's failure to prove the date of his crimes with reasonable certainty; 2) whether the Commonwealth failed to present sufficient evidence that the crimes occurred on a date within the statute of limitations period; 3) whether the statute of limitations defense presented a question of fact for the jury; and 4) whether the defendant was denied his constitutional right to confront the child witness.

We discuss the first, second, and fourth allegation of ineffectiveness although we find that they are without arguable merit. We conclude, however, counsel was ineffective in failing to preserve the third issue, i.e., whether the statute of limitations defense presented a question of fact for the jury. Accordingly, we vacate the judgment of sentence and remand for a new trial.[1]

Appellant Groff owned and occupied a four bedroom house in Lancaster County. Between August, 1983 and

1. Appellant also contends: 1) that trial counsel properly preserved the issue of whether the Commonwealth's evidence was sufficient to prove that the offense was committed within the statute of limitations period; 2) that the trial judge abused his discretion by finding that the child victim was competent to testify; and 3) that the trial judge committed various errors at sentencing. We find that appellant's statute of limitations claim was waived. See Section II, *infra*. Based upon our independent review of the record, we find that the trial court's competency determination was not an abuse of discretion. *See generally Commonwealth v. McEachin*, 371 Pa.Super. 188, 537 A.2d 883 (1988). We do not reach the sentencing issues since we remand for a new trial.

September, 1985, appellant rented three of the bedrooms to Tammy B., a divorced woman with four children. One of the children, Leann P., was the daughter of Tammy B. and Tim P. Leann was four years old when her mother first moved into appellant's residence and six years old when her mother left appellant's residence. Leann lived with her mother, appellant, and the other children during the school week. On weekends, Leann would visit with her father Tim P., her father's second wife, Melissa P., and her paternal grandmother, Lovice R.

In March, 1986, six months after Tammy and the children relocated, Tim P. sought primary custody of Leann. During the course of the custody proceedings, Lovice R. alleged that she had reason to believe that Leann had been sexually abused while living with Tammy B. and the appellant. Leann was then interviewed by a social worker from the Lancaster County Children and Youth Agency which referred the matter to the state police for further investigation. On June 10, 1986, appellant was arrested and charged with statutory rape, indecent assault, and corruption of minors. He was tried by a jury on November 19th and 20th of 1986.

As its first witness at trial, the Commonwealth called Leann, who was seven years old at the time of the trial. Leann testified that appellant had invited her into his bedroom, touched her vagina and chest, and had sexual intercourse with her. She repeatedly stated that these acts took place on only one occasion. She had no idea of the date when the abuse occurred, and could only say that she was living in appellant's house at the time. She also stated that she had been wearing a bathing suit on the day she was molested.

Lovice R. testified that she noticed a change in Leann's personality during the summer of 1985. The child became very quiet, she seemed afraid, and she did not wish to return to appellant's residence when her weekend visits were over. Leann "would always say that her little pee-pee hurt." R. 137a. On one occasion, Leann allegedly stated

that "Kenny was doing bad things." R. 138a. Lovice also testified that Leann began to kiss her on the lips for the first time in the summer of 1985. However, on cross-examination, Lovice conceded that she began noticing changes in Leann's personality as early as August, 1983. She also admitted that she made no effort to notify anyone of the alleged abuse while Leann was living with the appellant.

Melissa P. confirmed that during the summer of 1985, when Leann visited her paternal relatives, she would resist returning to the residence that she and her mother shared with the appellant. Melissa P. stated that when Leann would be driven home, the child would scream and attempt to lock herself in the car.

The Commonwealth's remaining witnesses did not present evidence relating to the time of the offenses. At the close of the prosecution case, defense counsel demurred. Counsel asked the court to rule as a matter of law that the Commonwealth had failed to introduce sufficient evidence to establish that any crimes were committed within the statute of limitations period. The trial court denied the demurrer.

The defense case consisted primarily of appellant testifying on his own behalf. During closing argument, defense counsel urged the jury to acquit the defendant on the ground that any crimes which he may have committed took place outside the statute of limitations period. The trial court interrupted counsel and instructed the jury to disregard this argument. At the close of the trial, the jury found appellant guilty on all counts, and on July 30, 1987, the court imposed a sentence of five to fifteen years imprisonment.[2]

Appellant's trial counsel filed post-verdict motions which were denied. Appellant obtained new counsel for purposes

---

[2] Appellant received consecutive sentences of three to ten years for statutory rape and two to five years for corruption of minors. The court found that the indecent assault conviction merged with the statutory rape conviction.

of an appeal and filed a timely notice of appeal with this court.

Appellant, with the assistance of his new counsel, now asserts that his trial counsel did not provide effective representation. As Justice Flaherty recently explained:

> There are three elements to a valid claim of ineffective assistance. We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e. had an adverse effect upon the outcome of the proceedings. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

*Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). We must consider appellant's specific allegations of ineffectiveness with reference to this standard.

We note that appellant's first three ineffectiveness claims all deal with legal problems created by the Commonwealth's inability to fix the exact date of the crimes. Although these claims are interrelated, we must discuss trial counsel's failure to preserve each issue separately in order to avoid confusion. Appellant's first issue concerns whether the charges against him were *too vague* inasmuch as the Commonwealth alleged that he committed the offenses at some time during a lengthy period, and did not specify the date of the offenses. He further contends that the imprecise time frame prevented him from preparing a defense to the crimes and therefore violated due process.

On the other hand, appellant's second and third issues concern whether the charges against him were *too stale.* He contends that the prosecution of his crimes was not

initiated within the statute of limitations period. This statute of limitations defense takes two forms. As his second issue, appellant argues that the evidence produced at trial was insufficient as a matter of law to prove that the prosecution was not time barred. As his third issue, appellant argues in the alternative that if the Commonwealth's evidence was not legally insufficient, the question of whether the prosecution was time barred should have been submitted to the jury, and that the judge erred by making this determination himself. We reject appellant's first and second claim, and we vacate judgment of sentence on the basis of the third claim.

## I.

■ Appellant faults his trial counsel for failing to preserve the issue of whether the Commonwealth denied him due process of law. More specifically, appellant maintains that the Commonwealth violated his rights under *Commonwealth v. Devlin*, 460 Pa. 508, 333 A.2d 888 (1975), which held that the prosecution must fix the date when an alleged offense occurred with reasonable certainty. A *Devlin* claim is a form of motion in arrest of judgment, *Commonwealth v. Fanelli*, 377 Pa.Super. 555, 560, 547 A.2d 1201, 1203 (1988) (en banc); if the claim is meritorious, the proper remedy is to vacate judgment of sentence and discharge the defendant. *See Commonwealth v. Thek*, 376 Pa.Super. 390, 402–403, 546 A.2d 83, 90 (1988). We conclude, however, that appellant's claim is without arguable merit.

In *Commonwealth v. Devlin*, the defendant was accused of having sodomized a mentally retarded adult with the mental ability of a first or second grade child and the emotional stability of an even younger child. The only proof offered at trial was that the crime occurred at some unspecified time during the fourteen month period from February, 1971 to April, 1972. Although this entire period fell within the statute of limitations, the defendant argued that the Commonwealth's allegation as to the time of the criminal episode was so vague that he was effectively

precluded from preparing a defense to the charges against him. The Pennsylvania Supreme Court agreed, and found that the defendant's trial had been so fundamentally unfair as to be inconsistent with due process.[3] The Court, however, declined to adopt a per se rule concerning the length of the time period in which the Commonwealth must establish that the crime was committed. Instead, the Court emphasized that a case by case inquiry is appropriate.

> "Here, as elsewhere, 'The pattern of due process is picked out in the facts and circumstances of each case.'" Due process is not reducible to a mathematical formula. Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly, the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused.

460 Pa. at 515–16, 333 A.2d at 892 (citations omitted).

Immediately, following this passage, the Supreme Court cited to the dissenting Superior Court opinion in *Devlin* by Judge Spaeth. This opinion sheds additional light on how this balancing test should be applied. Judge Spaeth wrote:

> I do not wish to imply that when dealing with a victim who is a young child or who has no greater mental and emotional capacity than a young child the Commonwealth must always prove the actual date of the crime.... Rather, the fact that the victim is emotionally young and confused should be weighed against the right of the defendant to know for what period of time he may be called upon to account for his behavior. The fact that the victim cannot set a date for the crime should not neces-

---

**3.** The *Devlin* Court based its holding on both the due process clause of the fourteenth amendment and on the state constitution which provides that no one can be "deprived of life, liberty, or property, unless by the judgment of his peers or by the law of the land." Pa. Const. art. I, § 9. The phrase "the law of the land" is synonymous with "due process of law". *Devlin*, 460 Pa. at 514, 333 A.2d at 891.

sarily be fatal to the Commonwealth's case, thus making the assailant virtually immune from prosecution. In the present case, this balance tips against the Commonwealth, for it does not appear why the Commonwealth could not have fixed the time of the incident by evidence other than by the testimony of the victim.

*Commonwealth v. Devlin,* 225 Pa.Super. 138, 141–42, 310 A.2d 310, 312 (1973) (Spaeth, J., dissenting), *rev'd* 460 Pa. 508, 333 A.2d 888 (1975).

■ We conclude that for purposes of a *Devlin* claim, the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child. *See Commonwealth v. Fanelli, supra; Commonwealth v. Niemitz,* 282 Pa.Super. 431, 422 A.2d 1369 (1980). On the other hand, in order to ensure a fair trial for the defendant, the Commonwealth should conduct a thorough examination and come forward with any evidence which indicates when the alleged crime is most likely to have taken place. Bearing these factors in mind, we find that the Commonwealth established the date of appellant's offenses with sufficient particularity to withstand a due process challenge.

The child victim testified that she was molested while living with the appellant and that she was wearing a bathing suit when appellant lured her into his bedroom. Appellant argues that the sexual abuse could have taken place on any warm day between August, 1983 and September, 1985. However, the Commonwealth attempted to narrow this time frame by introducing the testimony of the child's grandmother and step-mother. This testimony was elicited in order to establish that the abuse occurred during the summer of 1985.

■ As we have already noted, a *Devlin* claim is regarded as a form of motion in arrest of judgment. *See Fanelli, supra.* In passing upon a motion in arrest of judgment, all of the testimony which has been admitted into evidence must be evaluated. This evidence is viewed in the light

most favorable to the Commonwealth, and the Commonwealth is entitled to the benefit of all favorable inferences which may be drawn from the evidence. *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977). Leann's grandmother and step-mother testified in essence that, during the summer of 1985, Leann experienced great anxiety when returned to appellant's house, Leann complained that appellant did "bad things" and that her "pee-pee" hurt, and Leann began to kiss her relatives on the lips. Viewed in the light most favorable to the Commonwealth, one legitimate inference which might be drawn from this testimony is that the incident of sexual abuse which Leann described took place during the summer of 1985.

Accordingly, the precise question before us is whether the appellant's due process rights were violated when the Commonwealth submitted evidence which tended to prove that appellant molested the victim sometime during the summer of 1985, i.e., within a three month period. In other words, applying the balancing test described in *Devlin*, is the Commonwealth permitted to obtain a conviction based upon the theory that the defendant committed a crime at some point within a three month period, or must the Commonwealth establish the time of the crime with greater exactness? In the case sub judice, we conclude that under the totality of the circumstances, the Commonwealth's allegation of the time of the offenses satisfied the requirements of due process.

We note that the Commonwealth would clearly prevail if appellant had been convicted of *repeatedly* abusing the victim during the summer of 1985. Case law has established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct. *See, e.g., Commonwealth v. Shirey*, 333 Pa.Super. 85, 481 A.2d 1314 (1984); *Commonwealth v. Robinson*, 316 Pa.Super. 152, 462 A.2d 840 (1983); *Commonwealth v. Niemetz, supra; Commonwealth v. Yon*, 235 Pa.Super. 232, 341 A.2d 169 (1975). The instant case is more difficult because the

evidence indicates that appellant did not abuse the victim more than once.[4] We find, however, that in light of "the nature of the crime and the age and condition of the victim", *Devlin*, 460 Pa. at 516, 333 A.2d at 892, the prosecution's proof as to the time of the criminal acts was constitutionally adequate.

When a young child is the victim of a crime, it is often impossible to ascertain the exact date when the crime occurred. *See Commonwealth v. Fanelli*, 377 Pa.Super. at 561–565, 547 A.2d at 1205–1206 (citing *State v. D.B.S.*, 216 Mont. 234, 239–240, 700 P.2d 630, 634 (Mont.1985)). He or she may have only a vague sense of the days of the week, the months of the year, and the year itself. If such children are to be protected by the criminal justice system, a certain degree of imprecision concerning times and dates must be tolerated.

The instant case concerns offenses which were directly observed by only two people: the perpetrator and the victim. The victim was at most six at the time she was sexually abused; at the age of seven she was placed under the strain of testifying as to the details of this traumatic event in open court. This witness obviously did not have the same capacity to recall times and dates which one might reasonably expect from an adult or from a somewhat older child.[5] Moreover, this case may be distinguished from

---

4. The trial judge expressed the view that one could reasonably infer from the victim's testimony that appellant abused the victim more than once. Trial Court Op. at 5. We have independently reviewed the trial record, and we note that the victim repeatedly stated that the events in question happened only once. Moreover, the Commonwealth concedes on appeal that the victim testified to only one occurrence of criminal conduct. Appellee's Brief at 11.

5. Appellant relies on *Commonwealth v. Levy*, 146 Pa.Super. 564, 23 A.2d 97 (1941), in which this court overturned the conviction of a defendant who was accused of having sodomized an eleven year old boy sometime during a two month period. A child of eleven would ordinarily have a more fully developed ability to remember the time of events than a child of six or seven. *See Commonwealth v. Devlin*, 225 Pa.Super at 141, 310 A.2d at 312 (Spaeth, J., dissenting). Moreover, a close reading of *Levy* indicates that the court reversed the defendant's conviction because of an erroneous jury instruction. Significantly, the *Levy* court did not discharge the defendant on the

*Commonwealth v. Devlin:* in *Devlin,* the prosecution simply alleged that a crime had taken place sometime within a fourteen month period; in this case, the prosecution made a conscientious effort to present evidence as to the date of the crime from witnesses other than the victim, and to restrict the date of the crime to sometime within the final summer that appellant lived with the victim and her family.

■ We hold that the Commonwealth did not violate appellant's right to due process of law by failing to fix the time of the offense with greater specificity. Counsel may not be deemed ineffective for failure to assert a meritless claim. *Commonwealth v. McBee,* 513 Pa. 255, 261–62, 520 A.2d 10, 13, (1986); *Commonwealth v. Jones,* 365 Pa.Super. 57, 528 A.2d 1360 (1987); *Commonwealth v. Weaver,* 363 Pa.Super. 194, 525 A.2d 785 (1987). We therefore conclude that appellant was not denied the effective assistance of counsel when trial counsel failed to raise the due process issue before the trial court.

## II.

Appellant contends that the Commonwealth failed to produce sufficient evidence to prove that the charges against him were not barred by the statute of limitations. This argument appears in two sections of appellant's brief. Appellant first alleges that his trial counsel properly preserved an objection to the sufficiency of the Commonwealth's evidence on the statute of limitations question. Appellant also argues, however, that in the event that the appellate court finds that this issue was waived, then the court should find that trial counsel was ineffective for failing to preserve the issue. We find that trial counsel waived any objection to the sufficiency of the Commonwealth's evidence that the charges were not barred by the statute of limitations. We further conclude that trial counsel's waiver did not constitute ineffective assistance of counsel since the underlying issue is without arguable merit.

ground that the Commonwealth's proof at trial had been constitutionally deficient. Instead, the court remanded for a new trial.

■ On June 10, 1986, a criminal complaint was filed and a warrant was issued for appellant's arrest on charges of statutory rape, indecent assault, and corruption of minors. 18 Pa.Cons.Stat.Ann. §§ 3122, 3126, 6301 (Purdon, 1983). Under Pennsylvania law, a prosecution for these crimes must commence within two years after their commission. 42 Pa.Cons.Stat.Ann. § 5552(a) (Purdon 1981 & Supp.1988). A prosecution is deemed to commence when an arrest warrant is issued, provided that the warrant is executed without unreasonable delay. 42 Pa.Cons.Stat.Ann. § 5552(e); *see Commonwealth v. Kimble*, 323 Pa.Super. 499, 508–09, 470 A.2d 1369, 1374 (1984) (en banc). There is no allegation of unreasonable delay in this case. Therefore appellant's prosecution was timely if he committed the offenses anytime within two years of when the arrest warrant was issued, i.e., on or after June 10, 1984.[6]

6. The Commonwealth did not seek to toll the statute of limitations, but instead asserted at the preliminary hearing, at trial, and on appeal to this court that the prosecution was timely because appellant's offenses were committed on or after June 10, 1984. We note, however, that the General Assembly has enacted a law which provides for the tolling of the statute of limitations for certain categories of crimes against children. The law states:

Except as provided by section 5553(e) (relating to disposition of proceedings within two years [for certain summary offenses] ), the period of limitations does not run during any time when:
. . . .
(3) a child is under 18 years of age, where the crime involves injuries to the person of the child caused by the wrongful act, or neglect, or unlawful violence, or negligence of the child's parents or by a person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parents.

42 Pa.Cons.Stat.Ann. § 5554 (Purdon Supp.1988). This measure went into effect on September 10, 1985. *See generally Commonwealth v. Thek*, 376 Pa.Super. at 400–401, 546 A.2d at 88–89 (interpreting section 5554(3)).

We do not decide whether this exception to the statute of limitation would apply to the case sub judice. On remand, however, the Commonwealth may attempt to invoke the exception, provided of course that defendant is given notice of the Commonwealth's intention to toll the statute of limitations at some reasonable time before trial. *See Commonwealth v. Goldhammer*, 507 Pa. 236, 245–46, 489 A.2d 1307, 1312 (1985), *rev'd sub nom. on other grounds, Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980).

The criminal complaint filed against the appellant alleged that he committed the offenses "on (or about) August, 1983—September, 1985", the period during which he lived with the victim. At the preliminary hearing, the Commonwealth moved to amend the complaint to allege that the crimes occurred between June, 1984 and September, 1985 in order to comply with the statute of limitations. Although the court granted this motion, the Commonwealth issued an information after the preliminary hearing which again stated that the offenses occurred "on (or about) August, 1983—September, 1985." Defense counsel did not file a motion to quash the information and did not otherwise attempt to raise the statute of limitations issue prior to trial. Instead, defense counsel moved at trial that the information be amended to conform to the amended complaint. The Commonwealth did not object, and the motion was granted. Finally, at the close of the Commonwealth's case, defense counsel demurred on the grounds that the evidence was insufficient to prove that the acts in question took place after June 10, 1984. The demurrer was denied.

The proper method for raising a statute of limitations defense is to file a pretrial omnibus motion seeking dismissal of charges. *Commonwealth v. Darush*, 501 Pa. 15, 20 n. 4, 459 A.2d 727, 730 n. 4 (1983); *Commonwealth v. Riley*, 330 Pa.Super. 201, 213, 479 A.2d 509, 515 (1984). *See* Pa.R.Crim.P. 306. Appellant argues that a statute of limitations defense need only be raised pretrial when a defendant is seeking to quash an information. He characterizes his claim as an attack on the sufficiency of the evidence adduced at trial. The fact remains that counsel did not raise a statute of limitations defense at the first available opportunity since he failed to challenge the dates alleged in the information. Moreover, judicial economy is best served by allowing the court an opportunity to determine if a statute of limitations defense involves a question of law

which may be promptly resolved before trial.[7] We therefore find that trial counsel waived the sufficiency of the evidence claim by failing to file a pretrial motion.

■ Nevertheless, we must reach the merits of this claim since appellant has also raised the issue in the context of ineffective assistance of counsel. A challenge to the sufficiency of the evidence is a form of motion in arrest of judgment. We must therefore resort to the same standard of review which we applied when evaluating appellant's *Devlin* claim: all testimony which has been admitted into evidence must be evaluated; the evidence is viewed in the light most favorable to the Commonwealth; and the Commonwealth is entitled to the benefit of all favorable inferences which may be drawn from the evidence. *See Commonwealth v. Pearsall*, 368 Pa.Super. 327, 534 A.2d 106 (1987). We concluded in section I of this opinion, that the testimony of Lovice R. and Melissa P. was sufficient to support an inference that appellant committed the crimes charged during the summer of 1985. Thus, the evidence was also sufficient to support an inference that the crimes occurred on or after June 10, 1984, and within the statute of limitations period. Trial counsel's waiver of this meritless claim did not amount to ineffective assistance.

## III.

Appellant also argues that trial counsel was ineffective for failing to preserve the issue of whether the statute of limitations defense presented a question of fact for the jury to decide. We agree, and must therefore vacate judgment of sentence and remand for a new trial.

As we have noted, at the close of the Commonwealth's case, defense counsel demurred on the grounds that there was insufficient evidence that the offenses were committed within the statute of limitations period. The trial court correctly denied this demurrer, since when viewed in the

7. Sometimes a statute of limitations defense will present a question of fact which must be referred to the finder of fact at trial. *See* Section III, *infra.*

light most favorable to the Commonwealth, the evidence was sufficient to support an inference that the prosecution was not time barred. *See* Section II, *supra.* Therefore, the case was properly submitted to the jury for decision.

 Trial counsel, however, pursued the statute of limitations defense. During closing argument, defense counsel attempted to persuade the jury that any crimes which appellant may have committed occurred before the limitations period. The trial judge intervened and prohibited the jury from considering the statute of limitations issue. By doing so, the trial judge invaded the province of the jury.[8]

As part of his closing argument, defense counsel addressed the following remarks to the jury.

We have a question here. The law in Pennsylvania clearly states that the statute of limitations applies to any criminal offense and [to] the civil suits and things of that sort. The Commonwealth, must show, for example, that within two years of the Complaint having been brought, the alleged acts took place. The Complaint is dated June of this year. That's 1986. So, that could take us back to June of '84. Anything before that was out of the statute of limitations. That again is not something that is supposed to, you know, let the guilty person get off on that sort of thing. It is supposed to protect him because as time goes by—if there had been an immediate outcry and she went crying to her mother, that sort of thing, Kenny did this, Kenny did that, he could be in a position where

---

8. Defense counsel must raise the statute of limitations defense pretrial; otherwise it is waived. *See Commonwealth v. Darush, supra.* If the statute of limitations defense poses a question of law, the judge may decide the issue pretrial or at an appropriate time during trial. If the statute of limitations defense poses a question of fact, the judge should not decide the question but should present the question for jury consideration.

As we noted in section II of this opinion, defense counsel did not raise the statute of limitations defense pretrial and therefore all questions relating to the statute of limitations are waived. However, the issue of counsel's ineffectiveness in failing to preserve the question of whether the statute of limitations determination is for the judge or the jury is properly before us.

he could prepare a defense. He could get medical testimony. He could have special checks, things of that nature. And the statute is designed so that as time goes by and these avenues of defense become diluted by time and are less and less available to a defendant, at some point we are going to say, wait, this has gone too far. We are not going to reach back out of the dark ages, as—like they have in this case and the law comes down on this guy for something in March in 1986, hey, you did back in 1983. Come along with us to jail. We are going to lock you up.

R. 185a–186a.

At this point, the trial judge interrupted defense counsel and directed him to refrain from further comment on the statute of limitations. During his charge to the jury, the judge stated:

Now, before I discuss with you and tell you what the law of Pennsylvania is on the three charges which have been brought against Mr. Groff, I'm going to tell you about something else that has been addressed to you in closing argument. You heard the words statute of limitations. And, I am going to tell you that that is not a question which is before you for decision. I'm doing this only so that you are not confused by something you may have heard. It was not intentionally done, but I want to undo anything that may have been done. Statute of limitations is a law we have in Pennsylvania that says charges in a criminal case must be brought within a certain period of time of the occurrence of the alleged crime. That's as simply as I can tell it to you. In this particular case, the matter of whether or not these charges have been brought within the required time is a matter that has been determined by me under all the conditions and facts and other pleadings that I have before me that that requirement has been met. You are not to concern yourself with whether or not you should be deliberating and deciding that the charges were not filed

within the required time. I am telling you now that they have and that's all you need to know about that.

R. 208a–209a.

Appellant maintains that this instruction was erroneous and that trial counsel should have objected to the instruction and otherwise preserved the issue of whether the statute of limitations determination was for the jury. We must evaluate this claim according to the familiar three prong test for establishing ineffective assistance of counsel. *See Commonwealth v. Davis, supra; Commonwealth v. Pierce, supra.*

First, we find that appellant's underlying claim that the statute of limitations question was for the jury has arguable merit. *Corpus Juris Secundum* states as a general rule: "Where a question of fact is involved it is for the jury to say whether a prosecution was begun within the period of limitations, but all questions of law as to limitations are for the court." 23A C.J.S. *Criminal Law* § 1132 (1961). *Cf.* 2 Standard Pennsylvania Practice 2nd *Limitation of Actions* § 13:154 (similar rule in civil trials).

This doctrine is illustrated by the case of *Commonwealth v. Dunnick*, 204 Pa.Super. 58, 202 A.2d 542 (1964). In *Dunnick*, the defendant was indicted on charges of fornication and bastardy but was not arrested until several years after the alleged commission of the crimes. The Commonwealth sought to toll the statute of limitations by invoking an exception to the statute which extended the time for prosecuting a defendant who had been concealing his whereabouts.[9] The court took depositions, and found that the Commonwealth had failed to prove that the defendant

---

9. In *Dunnick*, the Commonwealth relied on an old law which created an exception to the statute of limitations if the defendant had not been a "usual resident" of the state during the limitations period. Pa.Stat. Ann. tit. 19 § 211 (Purdon 1964) (repealed). A defendant was not considered to be a "usual resident" of the state if he concealed his whereabouts in order to avoid arrest and prosecution. *See Commonwealth v. Weber*, 259 Pa. 592, 103 A. 348 (1918). Similarly, under current Pennsylvania law, the statute of limitations is tolled while the "accused is continuously absent from the Commonwealth or has no reasonably ascertainable place of abode or work within the Commonwealth". 42 Pa.Cons.Stat.Ann. § 5554(1) (Purdon 1981).

had concealed his whereabouts. The court quashed the indictment and the Commonwealth appealed. This court reversed on the grounds that the jury should have determined whether the prosecution was time barred. We reasoned that since there was sufficient evidence from which a jury could find that the defendant had concealed his whereabouts, the trial judge had erred by deciding this question of fact. *Cf. Commonwealth v. Wheeler,* 73 Pa.Super. 164 (1919) (judge was correct in not dismissing charges as time barred where question as to when crime occurred was suitable for submission to jury).

Similarly, in the instant case, the ultimate question of whether the statute of limitations was violated depended upon a question of fact that was within the province of the jury. Both defense counsel and the Commonwealth agreed that the prosecution was time barred unless appellant committed the offenses on or after June 10, 1984. The Commonwealth presented circumstantial evidence from which a jury could infer that the crime occurred during the summer of 1985. Defense counsel, on the other hand, attempted to demonstrate that the offenses, if committed at all, could just as likely have been committed during the summer of 1983. The jury was uniquely qualified to resolve this factual dispute.[10] We therefore find that counsel's failure to preserve the statute of limitations issue for the jury was of questionable legal soundness.

Second, under all the facts of this case, we find that counsel's failure to preserve the statute of limitations issue had no reasonable basis designed to effectuate his client's best interest. Defense counsel attempted to create a substantial doubt in the minds of the jurors as to whether any

**10.** In *Commonwealth v. Hoffman,* 263 Pa.Super. 442, 398 A.2d 658 (1979), and *Commonwealth v. Hawkins,* 295 Pa.Super. 429, 441 A.2d 1308 (1982), this court stated that where the evidence that the statute of limitations had not run was unrebutted, the trial judge may refuse to submit the statute of limitations issue to the jury. In those cases, the facts which underlie the judge's finding that the prosecution was timely were not in dispute. Thus, "there was nothing for the jury to decide." *Hoffman,* 263 Pa.Super. at 448–50, 398 A.2d at 661. On the other hand, in the case sub judice, the date when the offenses were committed was uncertain and was contested by the parties.

crime which appellant may have committed occurred within the limitations period. Counsel specifically focused the jury's attention on the statute of limitations in his closing argument. By not properly preserving the statute of limitations defense for consideration by the jury, counsel undermined the strategy he had chosen to secure appellant's acquittal. The Commonwealth concedes on appeal that defense counsel had no reasonable basis for failing to preserve this issue. Appellee's Brief at 8. We agree with this conclusion.

Finally, we must determine whether appellant was prejudiced by his counsel's omission. In section II of this opinion, we analyzed whether the Commonwealth presented sufficient evidence that the crimes occurred on a date within the statute of limitations period. We emphasize that the sufficiency of the evidence inquiry must be distinguished from the standard for assessing whether a defendant was prejudiced by his counsel's deficient performance. When reviewing the sufficiency of the evidence, the focus is on whether the jury reasonably could have determined on the basis of all the evidence before it that the defendant was guilty beyond a reasonable doubt. *See Commonwealth v. Aulisio,* 514 Pa. 84, 93, 522 A.2d 1075, 1079 (1987). When considering the prejudice component of a claim that counsel was ineffective, the focus is on whether one can say with confidence that the jury would have returned a guilty verdict if counsel had provided effective representation. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[11]

In the instant case, if the jury had been permitted to decide the statute of limitations issue, the jury may very

---

**11.** In *Strickland,* the United States Supreme Court described the standard for assessing whether the defendant was prejudiced by his counsel's omission in the following manner.

> It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test.... On the other hand, we believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome of the case.... The result of a proceeding can be ren-

well have concluded either that the Commonwealth proved that the offenses occurred within the limitations period, or that the Commonwealth failed to prove this crucial fact. Accordingly, we hold both that the evidence was sufficient to support a conviction, and that counsel's failure to preserve the statute of limitations question prejudiced the appellant.

Since the jury convicted appellant of statutory rape, indecent assault, and corruption of minors, we may assume that the jury believed Leann's testimony that she had been molested by the appellant. Leann, however, could only say that she was living with appellant and that she was wearing a bathing suit when the incident happened. This evidence was fully consistent with defense counsel's assertion that the offenses could have occurred in 1983. The Commonwealth attempted to establish the date of the offense by eliciting testimony from Lovice R. and Melissa P. concerning Leann's behavior during the summer of 1985. We do not know how these witnesses impressed the jury. The jury, of course, is free to believe all, or part, or none of a witness' testimony. *Commonwealth v. Neal,* 447 Pa. 452, 456, 290 A.2d 922, 924 (1972).

Perhaps the jury placed great reliance on the testimony of Leann's relatives that during the summer of 1985, Leann complained that her "pee-pee" hurt, Leann said that appel-

dered unreliable, and hence unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.

Accordingly, the appropriate test for prejudice finds its roots in the test for materiality of exculpatory information not disclosed to the defense by the prosecution, *United States v. Agurs,* 427 U.S. [97] at 104, 112–113, 49 L.Ed.2d 342, 96 S.Ct. 2392, [2398–2402] and in the test for materiality of testimony made unavailable to the defense by Government deportation of a witness, *United States v. Valenzuela-Bernal,* [458 U.S. 858], 872–874, 73 L.Ed.2d 1193, 102 S.Ct. 3440, [3449–50]. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington,* 466 U.S. at 693–694, 104 S.Ct. at 2068. *See also Commonwealth v. Pierce,* 515 Pa. at 161–62, 527 A.2d at 976–77 (adopting *Strickland* prejudice standard).

lant did "bad things", Leann began to kiss her grandmother on the lips, and Leann appeared to be under great strain. On the other hand, the jury could have concluded that Leann had a common childhood infection, that Leann's vague statement about "bad things" did not refer to contemporaneous sexual abuse, that Leann may have learned how to kiss on the lips from observing adults or directly from other children, and that Leann was reacting to the pressures created by dividing her time between her divorced parents. Moreover, defense counsel's effort to impeach Lovice R. may have undermined the jury's confidence in her testimony. Lovice R. admitted on cross-examination that the overall changes in Leann's personality which she had ascribed to appellant's sexual abuse began in August of 1983. The jury was also aware that Lovice R. did not report that Leann may have been sexual abused until her son Tim P. sought custody of Leann in March, 1986.

The Commonwealth bears the burden of persuasion as to whether a crime was committed within the statute of limitations period.[12] We can only speculate as to whether the jury would have determined that the Commonwealth had met its burden if the jury had been afforded an opportunity to consider this issue. Accordingly, we find that appellant was prejudiced by the deficient performance of his counsel, and we remand for a new trial.

## IV.

Finally, appellant contends that counsel was ineffective for failing to preserve the issue of whether his right to confront the child witness was violated. We address this

12. The recent opinion of the court en banc in *Commonwealth v. Fanelli* states that the Commonwealth must prove with "reasonable certainty" that charges were brought within the statute of limitations period. *Id.,* 377 Pa.Super. at 565, 547 A.2d at 1206. Panels of this court had previously assumed that the prosecution must prove beyond a reasonable doubt that charges were brought within the statute of limitations period. *See Commonwealth v. Thek,* 376 Pa.Super. at 402, 546 A.2d at 90 (1988); *Commonwealth ex. rel. Atkins v. Singleton,* 282 Pa.Super. 390, 394 n. 2, 422 A.2d 1347, 1349 n. 2 (1980). *See generally Commonwealth v. Fanelli,* 377 Pa.Super. at 566–569, 547 A.2d at 1207–1208 (Beck, J., concurring).

issue because it is likely to arise again on remand. We find that the issue is without arguable merit.

Leann P., the seven year old complainant, testified as a Commonwealth witness at trial. Immediately, prior to cross-examination, the Assistant District Attorney requested that defense counsel question the witness while standing on the side of the courtroom opposite to where the appellant was seated. Counsel objected. The trial judge agreed with the Assistant District Attorney that the witness was afraid of the appellant and should not be compelled to look at the appellant while answering counsel's questions. The judge offered counsel the following option: 1) counsel could conduct cross-examination while seated next to the appellant but the witness would be instructed that she did not have to look at counsel; or 2) counsel could move to a different table and the witness would be directed to look directly at counsel. Counsel choose the second alternative under protest.

The court then instructed the witness as follows.

THE COURT: Okay. Well, I have allowed Mr. Danforth to move this table over here so that you can look straight at him when he is asking you some questions. He is going to ask you some questions now so that you can see him and he can see you and you look right at him. You can look right at Mr. Danforth. You don't have to look anywhere else. Okay?

A. Am I allowed to look at my mommy?

THE COURT: You sure can, if that's what you want. You look at Mr. Danforth or any place you want to look. You don't have to look anywhere you don't want to look. But you try to look at Mr. Danforth when he is asking the questions and you are answering them. Then you can look at your mommy if you like. You can look at those people over there if you like. Over there, where I'm pointing.

R. 105a–106a.

■ Appellant now contends that trial counsel was ineffective for failing to object to this procedure in post-trial

motions. Appellant concedes that he, his counsel, the trial judge, and the jury were all able to look directly at the witness during the entire course of cross-examination. He argues, however, that by telling the witness that she did not have to look at him, the court violated the confrontation clauses of the federal and state constitutions. We do not agree.

The Sixth Amendment to the United States Constitution provides that a criminal defendant shall enjoy the right "to be confronted with the witnesses against him." In *Coy v. Iowa*, —— U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the United States Supreme Court recently emphasized that under this clause the defendant has the right to face his accusers. The defendant in *Coy* was tried on charges of sexually molesting two 13 year old girls. At trial, the judge, acting pursuant to an Iowa statute, erected a one-way screen in the courtroom which allowed the defendant to view the girls but which prevented the girls from viewing the defendant. The Court ruled that the federal constitution did not permit the use of a physical barrier to shield witnesses from the defendant's gaze—at least in the absence of an individualized finding that the particular juveniles who testified required special protection. *See* —— U.S. at ——, 108 S.Ct. at 2803 (majority opinion) and —— U.S. at ——, 108 S.Ct. at 2804–05 (O'Connor, J., concurring).

On the other hand, the Court in *Coy* cautioned that: "The Confrontation Clause does not, of course, compel the witness to fix his eyes on the defendant; he may studiously look elsewhere, but the trier of fact will draw its own conclusions." —— U.S. at ——, 108 S.Ct. at 2802. In the instant case, no obstacle was placed between the defendant and the witness, and the jury was free to evaluate the witness' credibility in light of the fact that she did not look at the defendant. Thus, the federal confrontation clause was not violated.

Article I, section 9 of the Pennsylvania Constitution provides that "[i]n all criminal prosecutions the accused hath a right ... to meet the witnesses face to face...." Although

a state constitution will sometimes grant criminal defendants rights above and beyond those enshrined in the federal constitution, we also conclude that the trial court did not transgress the state confrontation clause. In *Commonwealth v. Ludwig*, 366 Pa.Super. 361, 531 A.2d 459 (1987) (en banc), *allocatur granted*, 518 Pa. 617, 541 A.2d 744 (1988), we held that the state constitution did not prohibit a judge from allowing a six year old sexual abuse victim to leave the courtroom and testify against the defendant via closed circuit television. *See also Commonwealth v. Lohman*, 370 Pa.Super. 404, 536 A.2d 809 (1988); *Commonwealth v. Bizzaro*, 370 Pa.Super. 21, 535 A.2d 1130 (1987). The procedure employed in the instant case was more protective of the defendant's rights than the procedure permitted in *Ludwig*, and did not violate the state constitution.

We commend the trial judge for the manner in which he balanced and accommodated both the confrontation rights of the defendant and the Commonwealth's interest in protecting the child witness from unnecessary trauma. We find that the court's instructions to the child witness were not improper.

In summary, we conclude that appellant's argument concerning the submission of the statute of limitations question to the jury is the only ineffectiveness claim that has merit.

Judgment of sentence is vacated and the case is remanded for a new trial. Jurisdiction is relinquished.