J-S29042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL JAMES SEAMANS | : | |
| | : | |
| Appellant | : | No. 1263 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 12, 2024
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000912-2023

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:  **FILED: October 22, 2025**

Appellant, Daniel James Seamans, appeals from the judgment of sentence of an aggregate term of 10 years' and three months' to 20½ years' incarceration, imposed after he was convicted of various sexual offenses, including aggravated indecent assault of a child (victim less than 13 years of age), 18 Pa.C.S. § 3125(b).  Herein, Appellant solely challenges the legality of a 10-year mandatory-minimum sentence imposed for his aggravated indecent assault conviction pursuant to 42 Pa.C.S. § 9718(a)(3).  After careful review, we affirm.

We need not set forth the facts of this case, as the trial court provided a detailed discussion of the evidence produced at Appellant's trial, which we adopt herein.  **See** Trial Court Opinion (TCO), 12/16/24, at 3-13.  We only briefly note that Appellant committed various sexual offenses against his female cousin when she was between the ages of 6 and 14, and Appellant was

between the ages of 11 and 19. Appellant was arrested and proceeded to a jury trial. On March 12, 2024, the jury convicted him of aggravated indecent assault of a child, five counts of statutory sexual assault, 18 Pa.C.S. § 3122.1, four counts of aggravated assault, 18 Pa.C.S. § 3125(a)(8), and four counts of indecent assault (victim less than 16 years of age and offender more than 4 years older), 18 Pa.C.S. § 3126(a)(8). On June 12, 2024, Appellant was sentenced to the aggregate term set forth *supra*, which included the mandatory, 10-year sentence under section 9718(a)(3).

Appellant filed a timely post-sentence motion, which he also supplemented after being granted permission to do so by the court. His post-sentence motion was ultimately denied, and he filed a timely appeal. Appellant and the court thereafter complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review:

> Whether the trial court abused its discretion when sentencing [Appellant] to a 10[-]year[,] mandatory[-]minimum sentence when there was no specific finding by the jury that count 7[, aggravated indecent assault,] took place after the effective date of January 1, 2007[,] for the 10-year mandatory[-]minimum [to apply]?

Appellant's Brief at 6 (unnecessary capitalization omitted).

Although Appellant frames his issue as a challenge to the trial court's sentencing discretion in his "Statement of Questions Involved," he argues it as a legality-of-sentencing claim in the "Argument" portion of his brief. **See** **id.** at 11. Specifically, Appellant contends that the court imposed an illegal sentence under **Alleyne v. United States**, 570 U.S. 99 (2013), and

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), where his mandatory-minimum term was increased from five to ten years based on a fact not found by the jury. Appellant explains that prior to January 1, 2007, section 9718(a)(3) required a mandatory minimum sentence of five years for a person convicted of aggravated indecent assault; it was not until after January 1, 2007, that the statute increased the mandatory-minimum sentence to 10 years. He claims that, here, "[t]he Commonwealth allege[d] that the acts in question took place between the years of 2006 through 2014[,] and, thus, there should have been a specific finding by the jury that the acts comprising the crime of aggravated indecent assault occurred on or after January 1, 2007[,] for the 10[-]year mandatory sentence to be applicable." Appellant's Brief at 14.

Initially, we note that "a challenge to a sentence premised upon *Alleyne* … implicates the legality of the sentence and cannot be waived on appeal." *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014). Thus, Appellant properly construes his argument herein as a challenge to the legality of his sentence.

However, Appellant's argument that his sentence is illegal under *Apprendi* and *Alleyne* is unconvincing. In *Apprendi*, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Alleyne*, the Court "held that the

***Apprendi*** rule applies not only to facts that increase the statutory maximum sentence, but also to facts which increase the mandatory minimum sentence." ***Commonwealth v. Shifflett***, 335 A.3d 1158, 1168 (Pa. 2025) (citing ***Alleyne***, 570 U.S. at 111). "The ***Alleyne*** Court reiterated its holding in ***Apprendi*** that any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the offense which must be found by a jury beyond a reasonable doubt." ***Id.*** (footnote omitted; citing ***Alleyne***, 570 U.S. at 111).

In this case, the statute under which Appellant's 10-year mandatory-minimum sentence was imposed states the following:

> (3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:
>
> > 18 Pa.C.S. § 3121(c) and (d)--not less than ten years.
> >
> > 18 Pa.C.S. § 3125(a)(7)--not less than five years.
> >
> > 18 Pa.C.S. § 3125(b)--not less than ten years.

42 Pa.C.S. § 9718(a)(3).

> Notably,
>
> [i]n ***Commonwealth v. Resto***, [179 A.3d 18 (Pa. 2018),] our Supreme Court was presented with the question of whether the imposition of a mandatory minimum sentence under [s]ection 9718(a)(3) was unconstitutional pursuant to ***Alleyne***. In an opinion announcing the judgment of the court ("OAJC"), Chief Justice Saylor held that [s]ection 9718(a)(3) "requires no proof of any predicate or aggravating facts" and, therefore, does not implicate the protections afforded by ***Alleyne***. [***Id.*** at] 20-21 … (Todd, J. concurring; Dougherty, J. joining the concurrence).

*Commonwealth v. Widger*, 237 A.3d 1151, 1162 (Pa. Super. 2020) (footnote omitted). Thus, our Supreme Court has already indicated that section 9718(a)(3) does not run afoul of *Alleyne*. Appellant does not acknowledge *Resto*, or cite any intervening case law in the years since that decision was issued, to support his argument that the imposition of his mandatory-minimum sentence under section 9718(a)(3) violates *Alleyne*.

We also stress that the *Alleyne* Court made clear that "[t]he touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the *charged offense*." *Alleyne*, 570 U.S. at 107 (emphasis added). Here, Appellant is not alleging that the jury failed to find any element of the *offense* of aggravated indecent assault, or that the jury failed to find any fact or element that would trigger application of section 9718(a)(3).

Instead, he is alleging that the jury failed to find a fact triggering the *version* of section 9718(a)(3) that was applied to his offense. However, Appellant cites no legal authority to support his assertion that *Alleyne* mandates that the jury make a specific factual finding in this regard. We agree with the Commonwealth's argument that requiring the jury to make a determination of the specific date that Appellant's aggravated indecent assault of the victim occurred — for purposes of determining *not an element of his offense*, but what *version* of section 9718(a)(3) applies to his case — would be "contradictory to decades of established caselaw." Commonwealth's Brief at 15. As the Commonwealth stresses, "[t]he law simply does not require

this, nor would this be practical, especially in child sexual assault cases." ***Id.*** at 18. In support, the Commonwealth cites ***Commonwealth v. Groff***, 548 A.2d 1237 (Pa. Super. 1988), where this Court stated that "the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child." ***Id.*** at 1241. We noted that "[w]hen a young child is the victim of a crime, it is often impossible to ascertain the exact date when the crime occurred[,]" as "[h]e or she may have only a vague sense of the days of the week, the months of the year, and the year itself." ***Id.*** at 1242 (citations omitted). The ***Groff*** Court stressed that, "[i]f such children are to be protected by the criminal justice system, a certain degree of imprecision concerning times and dates must be tolerated." ***Id.***

Here, on February 28, 2024, the Commonwealth notified Appellant of its intent to seek the 10-year mandatory-minimum sentence under section 9718(a)(3). Appellant never requested, and the jury was not asked to decide, the precise date on which he committed his aggravated indecent assault of the victim, as that was not an element of the offense, nor was it an element of the applicable mandatory-minimum sentence of section 9718(a)(3). Notwithstanding, we agree with the Commonwealth that the evidence was sufficient to prove that Appellant committed aggravated indecent assault ***after*** the date on which the 10-year mandatory-minimum sentence took effect. As the Commonwealth explains, the victim testified that Appellant first committed this assault "when she was seven or eight years old, which would

place the year in question between September of 2007 and September of 2009." Commonwealth's Brief at 14. Additionally,

> Appellant's own testimony in his interview with [police] indicated that he was around 14 years old when he digitally penetrated [the victim]. Appellant would have turned 14 on June 1, 2009. Thus, both … Appellant and the victim stated the acts occurred after the change in the mandatory minimum.

*Id.* at 15.

In sum, Appellant has not demonstrated that the application of section 9718(a)(3) in his case was illegal under **Alleyne**. The date on which his aggravated indecent assault crime occurred was not an element of that offense, nor was it an element required to be proven in order to trigger application of section 9718(a)(3). To the extent that the date of the offense was relevant to which **version** of section 9718(a)(3) applied to Appellant's case, he has not proven that the jury was required to make a specific factual finding on that issue. Moreover, Appellant was notified prior to trial that the Commonwealth was seeking the 10-year mandatory-minimum sentence for that crime, yet he never asked that the jury make a determination as to the date on which it occurred. Our review of the record confirms that there was sufficient evidence to prove it was committed after January 1, 2007. Given this record, we conclude that the 10-year, mandatory-minimum sentence was lawfully applied in Appellant's case.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/22/2025